LADD (HOOF v.). See Case No. 6,669.

## Case No. 7,972.

### LADD v. LADD.

[2 Cranch, C. C. 505.] [1]

Circuit Court, District of Columbia. Nov. Term, 1824.

WILLS — SPECIFIC LEGACY — CONTRIBUTION — EFFECT ON REMAINDER-MAN'S ESTATE OF WIDOW'S RENUNCIATION.

1. A bequest of one hundred and fourteen shares of stock in the Bank of Potomac, sixty shares of Washington and Alexandria Turnpike stock, thirty-five shares of Washington Bridge stock, and $10,000 in such United States six per cent. stock, bank or other stocks, at the current value, not under par, or money, as may be on hand, not otherwise appropriated, with power in the executors to change the investment of the funds, under the direction of the orphans' court, is not a specific legacy, but is liable for contribution if the assets are not sufficient to pay all the pecuniary legacies.

2. If the widow renounces the provision made for her in the will, the remainder-man takes an immediate estate in the property devised, subject to the widow's dower.

Bill in equity by Joseph B. Ladd, against the widow, legatees, and devisees, of John G. Ladd, deceased. It states that the testator devised to his wife, during her life, the use of his dwelling-house and lots on Prince and Water streets; but after her decease he gives it in fee to his son, the complainant; also the use, interest, profits, and dividends of four hundred and thirty shares of stock in the Columbian Insurance Company of Alexandria, twenty shares of the Fire Insurance Company of Alexandria, seven and three fourth shares in the Little River Turnpike Company, thirty-eight shares in the Bank of the United States, together with $10,000 in United States six per cent. bank or other stocks, at the current value, not under par, or money as may be on hand, not otherwise appropriated; with power to his executors to remove the funds to other institutions or investments, under the direction of the orphans' court. He then gives to his wife all his household and kitchen furniture, plate, bedding, clothing, provisions, &c., of every kind, to be possessed and enjoyed by her and her heirs forever. To his daughter Sarah E. Ladd he gives one hundred and fourteen shares in the Bank of Potomac; sixty shares of the Washington and Alexandria Turnpike stock; thirty-five shares of Washington Bridge stock; together with $10,000 in such United States six per cent. stock, bank, or other stock, at the current value, not under par, or money, as may be on hand, not otherwise appropriated; to her and her heirs forever; with power to the executors to change the investment of the funds, under the direction of the orphans' court; and he adds these words: "And should I determine hereafter to sell the Po-

[1] [Reported by Hon. William Cranch, Chief Judge.]

tomac stock herein mentioned, it shall not impair this devise, but, in such case, my daughter shall receive, in lieu thereof, $11,400 in other stocks, or money." To his son Joseph B. Ladd, the complainant, he gives certain real estates therein particularly described in fee-simple, together with all other real estate of the testator wherever situated; and also $10,000 in such United States six per cent. stock, bank, or other stocks, at the current value, not under par, or money, as may be on hand, not otherwise appropriated. He then gives sundry pecuniary legacies to a number of his relatives, and the residue of his estate to his children Joseph B. Ladd and Sarah E. Ladd, and his nephews J. H. Ladd, W. G. Ladd, and W. L. Haskins. The will was dated 18th October, 1818.

The defendants having answered, the cause was set for hearing on the bill and answers; and the questions raised for the consideration of the court were: (1) Whether the legacies in stocks were to be considered as specific legacies, not liable to contribution in case of a deficiency of assets to pay all the legacies. (2) Whether Joseph B. Ladd, the complainant, upon his mother's renunciation of the provisions of the will, is not immediately entitled to the property devised to her for her life, with remainder to him in fee.

Mr. Taylor, for pecuniary legatees, contended that the stock legacies were not specific, and were liable to abate; and cited Purse v. Snaplin, 2 Madd. Ch. Prac. [1 Atk. 414] 7; Kirby v. Potter, 4 Ves. 748; Innes v. Johnson, Id. 568; Avelyn v. Ward, 1 Ves. Sr. 425; 11 Ves. 522, 607; Simmons v. Vallance, 4 Brown, Ch. 345; Purse v. Snaplin, 1 Atk. 414; Amb. 310; Webster v. Hale, 8 Ves. 410, 413; Sleech v. Thorington, 2 Ves. Sr. 562; Wilson v. Brownsmith, 9 Ves. 180.

Mr. Swann, for complainant.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion that the stock legacies were not specific. And that, upon the widow's renouncing the provision made for her by the will, the estate, devised to her for life, with remainder to the complainant, in fee, vested immediately in him.