## NASH *v.* OBER.

ADMINISTRATION; SPECIFIC LEGACIES; DEBTS OF DECEDENT.

1. Dividends accruing after a testatrix's death upon shares of stock specifically bequeathed, are not subject to the cost of administration until residuary bequests have been exhausted.

2. The term *debts* in a will without explanatory words clearly extending its meaning, does not include liabilities arising after the testatrix's death, or charges imposed by law.

3. Where the legatees under a will bequeathing to them certain shares of stock, give the executor receipts for the stock certificates, upon the delivery of such certificates to them, after the executor's account has been passed, they are not estopped by such receipts to question the application by him of the dividends on such shares while in his hands.

No. 131. Submitted December 6, 1893.—Decided February 5, 1894.

HEARING on an appeal by the exceptants from an order of the Supreme Court of the District of Columbia, holding a term for orphans' court business, overruling exceptions to an administrator's account. *Reversed.*

The COURT in its opinion stated the case as follows:

Appellants, Edward T. and Robert C. Nash and Mary E. Taylor, are legatees under the will of Ann M. Nash, deceased, which was admitted to probate April 24, 1891, and have appealed from an order of the orphans' court overruling certain exceptions made by them to the approval of the final account of George C. Ober, executor.

Certain shares of the capital stock of the Fireman's Insurance Co. of Washington and Georgetown were bequeathed to the appellants and others in certain specified amounts. After making certain other special devises and bequests, Geo. C. Ober, the executor, is made the general devisee and legatee of the "rest and residue" of the testator's estate.

The only substantial controversy in the case arises on the construction of the following clause of the will: " I hereby constitute and appoint my nephew, George C. Ober, my sole executor, without bond, and direct him to pay my funeral expenses and just debts if I leave any unpaid, out of the dividends coming from the above-mentioned stock of the Fireman's Insurance Co. of Washington and Georgetown."

The final and only account of the executor shows that he collected three dividends upon this stock before its surrender, amounting to the sum of $1,467 in all, and that he appropriated the whole thereof in paying costs of administration, including his commissions upon the whole estate, in addition to the funeral expenses. These funeral expenses amounted to $231.60, and there were no debts proved against the estate. In addition to these dividends, the account shows that the executor had in his possession the sum of $801.33 in cash, and furniture not specifically disposed of to the value of $337.40. He appeared to have appropriated about one hundred dollars of the cash on hand, together with the dividends received upon the stock, to the payment of the charges and his commissions, and to have retained the remainder and the furniture under his bequest of the residue of the estate.

*Mr. Eugene F. Arnold* for the appellants:

1. The appellants are *specific* legatees. A *specific* legacy is a bequest of a specified part of the testator's personal estate, distinguished from all others of the same kind.   3 Beavans, Rolls, 349; Roper on Legacies, 180; Bouvier's Law Dict. ; *Loring* v. *Woodward*, 41 N. H., 395.   A

specific legacy vests immediately from the death of the testator. *Kirby* v. *Potter*, 4 Vesey Jr., 751. A specific legacy of stock carries dividends, income and profits thereon since accruing, and dividends on specific legacy of stock belong to and are due to the legatee from the death of the testator, and without regard to the time at which the stock is to be delivered. 2 Williams on Executors, 1424; Schouler's Executors and Administrators, Secs. 480 and 481 (note 1); 2 Blackstone's Comm., 513 (note, Cooley's Ed.); *Evans* v. *Iglehart*, 6 G. & J., 173 (191); *Barrington* v. *Tristam*, 6 Vesey, 349; *Raven* v. *Wait*, 1 Swanston's (Eng. Ch.) Reps., 557; *Bristow* v. *Bristow*, Kay (Eng. V. Ch. R.,) 600; *Kunkel* v. *Magill*, 56 Md., 123; *Loring* v. *Woodward*, 41 N. H., 394. And it is immaterial whether or not the enjoyment of the principal is postponed by testator. 2 Wms. Execs., 1424. The criterion of a specific legacy is, that it is liable to ademption; that where the thing is once gone it is lost to the legatee. *Coleman* v. *Coleman*, 1 Hovenden's Supplement to Vesey Jr. (Eng. Ch. R.), 310. General legacies must abate in favor of the specific legacies. *Nash* v. *Smallwood*, 6 Md., 394; *Kunkel* v. *Macgill*, 56 Md., 121, 2, 3, 4 and 7; *Cornish* v. *Wilson*, 6 Gill, 320; *Clinton* v. *Burt*, 1 P. Williams, 678; 2 Redfield on Wills, p. 450. Specific legacies on the insufficiency of *all* the other personal estate, must *all* abate *pari passu*. *Sparks* v. *Weedon*, 21 Md., 164; *Cornish* v. *Wilson*, 6 Gill, 320; 2 Wms. Exrs., 1473; Schouler's Exrs. & Admrs., Sec. 490. It is the duty of executors, as far as possible, to preserve articles *specifically* bequeathed; and unless compelled, they ought not to apply them to the payment of debts. *Clarke* v. *Ormonde*, Jacob (Eng. Ch.), 108 (Lord Eldon). Lands descended are first applicable to the payment of debts in relief of the personal estate specifically bequeathed. The specific legatee of a chattel, as a slave, may in equity restrain the executor, who is an heir-at-law, from applying that chattel to the payment of debts, *for the purpose of protecting his inheritance. Alexander* v. *Worthington*, 5 Md., 472, 493.

2. The court below erred in allowing the executor's distribution to himself of the "residue" of the personalty, for there was no "residue." The *residue* is not a *legacy* in the ordinary sense of the term, though the person who takes the residue is called the "*residuary*" legatee. The *residue* means, *ex vi termini*, what may remain after the payment of debts, legacies and legal charges. 26 Beavans (Rolls Ct. Ch.), 492; *Choat* v. *Yates*, 1 Jacob and Walker (Eng. Ch. R.), 105; *Eyre* v. *Marsden*, 4 Mylne & Craig (18 Eng. Ch.), *243; *White* v. *Kauffman*, 66 Md., 93. Until debts, legacies, and charges are paid, there is no residue. It is *first* liable for their payment. *Warren, Ex'r.,* v. *Morris*, 4 Delaware Ch. R., 304; *Longstreet* v. *Golding*, 41 N. J., Eq. R., 55. The residuary estate must bear the burden of the payment of debts, etc. 2 Redfield on Wills, 451; 2 Woerner on the Am. Law of Adm., p. 988 (cases); *Purse* v. *Snaplin*, 1 Atkyns (Eng. Ch.), 418; *White* v. *Easters*, 38 Ala., 154; 2 Redfield on Wills, p. *451 (top p.) (cases).

3. The executor was directed to use only so much of the dividends as was required to pay testatrix's funeral expenses and her just *debts*. The dividends over and above the small part thereof thus required remained to the specific legatees of said stock. *Broome* v. *Pembroke*, 66 Md., 194; *Browne* v. *Goombridge*, 4 Madd. Ch. R., *503.

4. The expenses of administration, including executor's commissions, are not debts of decedent. 3 Blacks. Comm., 154; Bouvier's Law Dictionary, p. 436; *McElfresh* v. *Kirkendall*, 36 Iowa, 224; *U. S.* v. *Colt*, 1 Peters C. C., 140. The act of the General Assembly of Maryland, passed at the November session, 1785, Ch. 72, Sec. 5, in force in this District, provides "That if any person hath died or shall hereafter die without leaving personal estate sufficient to discharge *the debts by him or her due*," &c., the land may "be sold for the payment of the *debts due by the deceased*." It follows that to authorize a sale under this statute that the debt must have been existing in the lifetime of the deceased. *Carey* v. *Dennis*, 13 Md., 1, 15. See also, *Flanders* v.

*Greely*, 10 Atl. R. (N. H.), 586; *Hallman* v. *Bennett*, 44 Mississippi, 323; *Dean* v. *Dean*, 3 Mass., 258; *Drinkwater* v. *Drinkwater*, 4 Mass., 354; *Palmer* v. *Palmer*, 13 Gray, 326; *Lamson* v. *Schutt*, 4 Allen, 359, 361; *Aiken* v. *Morse*, 104 Mass., 283; *U. S.* v. *Eggleston et al.*, 4 Sawyer, C. C. R., 199; *Gaines* v. *Reutch*, 64 Md., 521; *Hawkins* v. *Hawkins*, L. R., 13 Ch. Div., 470.

*Mr. J. T. Cull* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant's exceptions raise the question of the right of the executor to appropriate the dividends of their stock to the payment of anything beyond the funeral expenses, there having been no unpaid debts of testatrix proved against her estate. We think these exceptions well taken. The bequest of the stock clearly creates a specific legacy; consequently the dividends accruing after the decease of the testatrix became the property of the legatees, subject only to the charge created by the will.

Specific legacies are not liable to abatement with general legacies, nor subject to contribution with them to pay debts. Necessarily, then, the residuary bequest must always be exhausted before specific legacies can be called on to contribute to the payment of debts. Though called a residuary legacy generally, it can hardly be called a legacy in the ordinary sense of the term; for the words "rest" and "residue" can only apply to that which remains after the payment of debts, legacies proper and legal charges.

The charges and costs of administration are not made a charge upon these dividends by the words of the will. Funeral expenses come nearer being debts than do the commissions and charges, but they are singled out and made a special charge upon the dividends. The testatrix does not charge them with debts in general terms, but with "debts if I leave any unpaid."

Taking the words of the will, it appears plain to us that the testatrix intended only to charge the special legacies

with debts in the most restricted sense of the term. If, however, the intent of the testatrix were not plain, and she had used the word "debts" alone, without any words of limitation or qualification, the construction would be the same. The term debts, without explanatory words clearly extending their meaning, does not include liabilities arising after the decease, or charges imposed by law. *Hawkins* v. *Hawkins*, L. R., 13 Ch. Div., 470; *Gaines* v. *Reutch*, 64 Md., 517; *Carey* v. *Dennis*, 13 Md., 1; *Hollam* v. *Bennett*, 44 Miss., 323.

The case of *Hawkins* v. *Hawkins*, is directly in point. The testator, after charging a certain fund with the payment of his debts and funeral expenses, bequeathed the interest accruing on the remainder to Sarah Hawkins. All the residue of the estate was bequeathed to J. H. Hawkins, who was also appointed executor. Part of this residuary estate consisted of a house held at rack rent for the residue of a term of twenty-one years from August 1, 1865, under the usual covenants requiring the lessee to keep the improvements in repair. The leasehold had become valueless and the executor treated with the landlord for a surrender in order to escape the liability to repairs. The surrender was accepted upon the payment of £242, on account of rent arrears and dilapidation. This entire sum he charged against the fund, the income of which had been bequeathed to said Sarah Hawkins. His right to do so was sustained in the court below, but upon appeal the order was reversed, except as to so much of the sum as covered the arrears of rent due at the time of the testator's death, which was held to be a debt. With respect to the claim or charge for dilapidation, the appellate court said: "This liability was not a debt but a liability of the estate, and as such under the will could not be charged against the specific legacy, but must be paid out of the residuary bequest."

There is nothing in the contention that the receipts given by appellants to the executor upon the delivery to them of the stock certificates, after the account had been passed,

estop them from claiming the balance due on the dividends.

*The order overruling the exceptions must be reversed, with costs to the appellants, and the cause remanded to the court below for further proceedings, wherein the account will be restated in accordance with this opinion.  It is so ordered.*