# Martin, Appellant, *v.* Provident Life & Trust Company.

*Will—Conversion—Blending real and personal estate—Intention—Construction.*

1. When it is manifest that each and every provision of a will can be carried out without a sale of the real estate, and an effort is made to derive an intention to convert from the fact of a blending of the real and personal estate, such inference cannot be supported, except as it rests on something more than a mere failure on part of the testator to distinguish between the two kinds of property in directing that his estate be divided into shares and so distributed.

2. Testator devised and bequeathed his entire estate to trustees, with active duties in trust, to pay over one-third of the net income to his wife for life, and the remaining two-thirds of the net income in equal shares unto his five children. He further directed as follows: "And upon the death of my said wife I order and direct that my said trustees shall hold and dispose of the one-third part of the principal or capital of my said estate on which my said wife had been receiving the income, and apply the income and principal thereof upon the uses and trusts herein declared concerning the remaining two-thirds of my said estate directed to be held as hereinabove set forth for the use and benefit of my children." He also provided as follows: "When and as my said

children shall respectively die, I order and direct my said trustees to pay over and divide the share or shares of my estate on which said decedent or decedents shall have been receiving the income as aforesaid unto and among such persons or persons as said decedent or decedents shall by his, her or their last will or wills direct, limit and appoint," and in default of such appointment thereof among such person or persons as would be entitled under the intestate laws "if said decedent or decedents had died intestate seized and possessed thereof absolutely and in fee." *Held,* (1) that it was not the intention of the testator to convert his real and personal property into a common fund out of which distributees were to be paid, but that his intent was that the residuary beneficiaries were to receive their respective shares of the personal estate in cash, and succeed to the real estate; and (2) that upon the death of one of the children the person or persons on whom such child's share of the real estate devolved, had a right to maintain a bill in equity for partition.

Argued Jan. 10, 1912. Appeal, No. 265, Jan. T., 1911, by plaintiffs from decree of C. P. No. 1, Phila. Co., Dec. T., 1910, No. 3411, dismissing bill in equity in case of Frank P. Martin et al. v. The Provident Life & Trust Company, Trustee, under the will of Michael McCahey, deceased, et al. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Bill in equity for partition of the real estate of which Michael McCahey died seized.

The bill recited that Michael McCahey had died May 2nd, 1894, leaving a last will wherein he had devised and bequeathed his entire estate, real, personal and mixed, to The Provident Life and Trust Company of Philadelphia, upon the following trust: "To invest and keep invested the same in good and sufficient securities, to collect and receive the rents, issues, income, dividend and profits thereof, to manage and control the real estate thereof and keep the same in proper repair, and after paying out of the said income, the costs, charges, taxes and expenses of managing the said estate then to pay over one-third of the net income thereof unto my wife Maria McCahey for her life and the re-

maining two-thirds of said net income in equal shares unto my children Rosey McCahey (wife of James McCahey), Mary McCahey, Annie McCausland (wife of Thomas McCausland), Thomas McCahey and Maggie Shallow (wife of James Shallow) for their respective lives, the shares of my said daughters to be for their sole and separate use, benefit and behoof, and when and as my said children shall respectively die, I order and direct my said trustees to pay over and divide the share or shares of my estate on which said decedent or decedents shall have been receiving the income as aforesaid unto and among such person or persons as said decedent or decedents shall by his, her or their last will or wills direct, limit and appoint, and in default of such direction, limitation or appointment then to pay over unto and divide said share or shares of my said estate among such person or persons as would have been entitled thereto under the intestate laws of Pennsylvania if said decedent or decedents had died intestate seized and possessed thereof absolutely and in fee. And upon the death of my said wife, I order and direct that my said trustees shall hold and dispose of the one-third part of the principal or capital of my said estate on which my said wife had been receiving the income and apply the income and principal thereof upon the uses and trusts herein declared concerning the remaining two-thirds of my said estate directed to be held as hereinabove set forth for the use and benefit of my children as aforesaid." That by a subsequent clause in the will the testator directed as follows: "I authorize and empower my trustees and executors herein named, at any time in their discretion, to sell at public or private sale, for such price or prices and upon such terms as they may deem proper, all or any part of my real estate not hereinabove specially designated, and to make, execute and deliver to the purchaser or purchasers thereof good and sufficient deeds of conveyance therefor, freed and discharged of

all trusts and without liability," &c. By a later clause he directs that "During the continuance of the trusts herein created, I authorize and empower my said trustees to have all repairs to my said real estate made under the supervision of my son-in-law James McCahey, without liability," &c.

Maria McCahey, widow of testator died 1 January, 1897, all of the children named in the will surviving. Subsequently in 1906 Thomas McCahey, one of the children named in the will, died, having by his last will directed that his interest in the estate of his father be equally divided between his wife and his four surviving children. One of the children, Margaret E. Willis, wife of Louis E. Willis, subsequently assigned and conveyed all her interest in the estate of Michael McCahey to Marion A. Martin, who, with her husband joining, filed the present bill to enforce partition of the real estate.

The court dismissed the bill in the following opinion: "At the argument it was agreed by counsel for the parties that the exceptions filed by plaintiff to the answer and amended answer of the defendant might be treated as a demurrer to answer, and that the matter should be disposed of as on bill, answer and demurrer, and we have therefore so considered it. We are of the opinion that the testator by his will did not intend to vest in any of the beneficiaries named therein the title to any portion of his real estate; but that the title thereto was vested in the trustee and mingled with personal estate for the purpose of raising a fund to be administered, paid out and distributed among the beneficiaries by the trustee in the manner indicated by the will; and that there was an equitable conversion of the real estate for the purposes of the trust. The plaintiffs have a complete and adequate remedy at law which may be invoked at any time for the purpose of effecting a distribution of the estate by the trustee, in accordance with the terms of the will. The demurrer of the plain-

tiffs is therefore overruled and the bill is dismissed at the cost of the plaintiffs." From this decree the plaintiffs have appealed.

*Error assigned* was decree dismissing the bill.

*Clarence E. Kuemmerle,* with him *William D. Neilson,* for appellant.—Marion A. Martin, one of the appellants, as the grantee of Louis E. Willis and Margaret E. Willis, acquired the legal title in fee simple of an undivided one-twenty-fifth of the real estate described in the bill: Bacon's App., 57 Pa. 504; Forcey's App., 106 Pa. 508; Seeds v. Burk, 181 Pa. 281; Rawle's App., 119 Pa. 100; Henszey's Estate, 220 Pa. 212; Sheridan v. Sheridan, 136 Pa. 14; Eberly v. Koller, 209 Pa. 298; Carter's Est., 225 Pa. 355; Caldwell v. Snyder, 178 Pa. 420.

The will of the testator did not effect an equitable conversion of his real estate: Yerkes v. Yerkes, 200 Pa. 419; Painter v. Painter, 220 Pa. 82; Hunt's App., 105 Pa. 128; Peterson's App., 88 Pa. 397; Perot's App., 102 Pa. 235; Darlington v. Darlington, 160 Pa. 65; Seeds v. Burk, 181 Pa. 281.

*F. B. Bracken,* with him *Joseph B. Townsend* and *Charles C. Townsend,* for appellees.—The provisions of testator's will clearly indicate an intention to create a fund for ultimate distribution by the trustee, upon the termination of the life estates, respectively, and the power to sell the real estate was a necessary incident thereto: Seeds v. Burk, 181 Pa. 281; Ramsey v. Ramsey, 226 Pa. 249; Hutchison's App., 82 Pa. 509; Keim's Est., 201 Pa. 609.

OPINION BY MR. JUSTICE STEWART, March 18, 1912:

The governing consideration here, as in all such cases, is the intention of the testator. If the intention was that the real estate was to be converted and the several

beneficiaries were to take the proceeds as money, the bill was properly dismissed, otherwise it should have been sustained. Where the will contains a positive and unmistakable direction to sell in any event, no question can arise. Where it contains no express direction to sell, and a sale is necessary to carry out the provisions of the will, the inference arises that this is what the testator contemplated. Again, where the testator in disposing of his property blends his real and personal property and creates a single fund out of which the beneficiaries are to be paid, a like inference arises. In the present case it is not pretended that any necessity exists for a sale of the real estate in order to carry out the provisions of the will. Each and every provision can be satisfactorily administered without conversion. The dismissal of appellants' bill was put exclusively upon the ground that by the terms of the will the real and personal estates were blended for the purpose of raising a fund to be distributed among the beneficiaries. To this construction of the will we cannot agree. When it is manifest that each and every provision of the will can be carried out without a sale of the real estate, and the effort is to derive an intention to convert from the fact of a blending of the real and personal estate, such inference cannot be supported except as it rests on something more than a mere failure on part of the testator to distinguish between the two kinds of property in directing that his estate be divided into shares and so distributed. For, as said in Seeds v. Burk, 181 Pa. 281, the general expression "divide and pay," per se includes real and personal estate, since land as well as personalty may be the subject of division in kind. True, appellees point to other features of the will as showing a blending of the two estates, but these, as well that to which we have just adverted, are of little significance when compared with another feature which seems to have been overlooked in the discussion, and which to our mind is wholly inconsistent

with the theory advanced by the appellees. That there was to be ultimately a sale of the real estate by the trustees, is the contention of the appellees; but when? The will directs that "When and as my said children shall respectively die, I order and direct my said trustees to pay over and divide the share or shares of my estate on which said decedent or decedents shall have been receiving the income as aforesaid, unto and among such person or persons as said decedent or decedents shall by his, her or their last will or wills direct, limit and appoint, and in default," &c. It will hardly be contended that this provision was a blending of the two estates; that the testator here intended that upon the death of any one of his children an undivided one-fifth interest in his real estate was to be sold in order to pay over to the residuary beneficiaries the share on which such child had been receiving the income; and that like proceeding was to follow upon the death of each survivor. Or, take the case of the widow, who died within three years after the death of the testator. The provision as to her is "And upon the death of my said wife, I order and direct that my said trustees shall hold and dispose of the one-third part of the principal or capital of my said estate on which my said wife had been receiving the income, and apply the income and principal thereof upon the uses and trusts herein declared concerning the remaining two-thirds of my said estate directed to be held as hereinabove set forth for the use and benefit of my children as aforesaid." It will hardly be contended that this reveals a blending of the two estates, and an intention that upon the death of the widow one undivided third interest of the real estate was to be sold in order that the trustees might apply the income upon the uses and trusts declared. Both the provisions we have quoted show unmistakably that testator clearly distinguished between the two estates; that it was no part of his intention to convert both into a common fund out of which distributees

were to be paid; but on the contrary, the intention clearly was that the residuary beneficiaries were to receive their respective shares of the personal estate in cash and succeed to the real estate, as he himself expressed it elsewhere in the will, as though the first takers "had died intestate, seized and possessed thereof absolutely and in fee." A discussion of the cases cited by counsel with a view to distinguish them, would be unprofitable. There can be no question as to the correct rule to apply when questions like this arise. Controversy only arises where, in the absence of express direction to sell, the effort is to derive an intention to convert from the provisions of the will, general or special. Since it seldom happens that two wills are exactly alike in their terms, exact precedents are correspondingly rare. We have none here; and while many may be found bearing close resemblance to this, it will be found on examination that we are not running counter to any of these in reversing this decree.

The assignments of error are sustained; the decree is reversed, and it is ordered that plaintiffs' bill be reinstated with a procedendo.