## Loew's Estate.

*Wills—Construction—Trusts and trustees — Conversion — Widow's election—Termination of trust—Partition—Subject to leasehold—Recital in writ—Party in interest.*

1. A bare power of sale in a will, such as a discretionary power, will not work a conversion until exercised.

2. A general testamentary direction to divide and pay, used in connection with both real and personal estate, does not necessarily work a conversion of the former into the latter.

3. When it is manifest that any provision of a will can be carried out without a sale of real estate, and the effort is to derive an intention to convert from the fact of a blending of the real and personal estate, such inference cannot be supported except as it rests on something more than a mere failure on the part of the testator to distinguish between the two kinds of property in directing that the estate be divided into shares and distributed.

4. Where a testator gives the residue of his estate to a trustee to pay the net income to his widow and three children in equal parts during the life of the wife, and after her death the corpus to go to the three children share and share alike, and a discretionary power of sale is given to the trustee, an election by the widow to take against the will, ends the trust, and the children are entitled to proceed by partition proceedings to have their two-thirds shares in the real estate allotted to them.

5. In the partition proceedings it is not error for the court to direct the clerk to note in the recital in the writ of partition that one of the properties was subject to a leasehold, if there is no suf-

ficient denial that such leasehold existed, although its validity is disputed.

6. In such case, the party who eventually will acquire the property alleged to be subject to the leasehold, may decide for himself whether to take action looking to a judicial determination of the validity of the alleged lease.

Argued September 29, 1927.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 144, March T., 1927, by Mary A. Loew, from decree of O. C. Allegheny Co., Dec. T., 1926, No. 4, awarding partition in estate of John A. Loew, deceased. Affirmed.

Petition for partition.   Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Partition awarded.   Mary A. Loew, the widow of testator, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Guy B. Hoge,* with him *Clinton A. Sowers* and *Gwilym A. Price,* for appellant.—The residuary clause of the will works a conversion of all real estate, the trust created is still active and not terminated and title to all real estate is in the Braddock Trust Co. as trustee: Ramsey v. Ramsey, 226 Pa. 249; Keim's Est., 201 Pa. 609; Fahnestock v. Fahnestock, 152 Pa. 56; Knoppel's Est., 25 Pa. Dist. R. 116; Severn's Est., 211 Pa. 65.

No reconversion has been effected.

The election of the widow to take against the will did not bar her from alleging conversion of the real estate to defeat partition on the part of the children.

The three children had no standing to maintain as petitioners a partition proceeding in this case: Ramsey v. Ramsey (No. 1), 226 Pa. 249; Keim's Est., 201 Pa. 609; Fahnestock v. Fahnestock, 152 Pa. 56; Knoppel's

Est., 25 Pa. Dist. R. 116; Severn's Est. (No. 1), 211 Pa. 65.

*Elder W. Marshall,* of *Duff, Marshall & Davis,* with him *Sigmund Arnold,* for appellees.—There was no equitable conversion under the will: Martin v. Trust Co., 235 Pa. 281; Chew v. Nicklin, 45 Pa. 84; Sheridan v. Sheridan, 136 Pa. 14; Cooper's Est., 206 Pa. 628; Seeds v. Burk, 181 Pa. 281; Davidson v. Bright, 267 Pa. 580; Chamberlin's Est., 257 Pa. 113.

If it be conceded that the will worked a conversion, the sale of the dwelling house was a definite act of reconversion and terminated the trust: Brandon v. McKinney, 233 Pa. 481; McClarren's Est., 238 Pa. 220; Howell v. Mellon, 189 Pa. 169; Bauch's Est., 21 Pa. Superior Ct. 60; Lincoln v. Wakefield, 237 Pa. 97.

It was not error for the court to direct the clerk to note in the writ of inquisition that one of the properties was subject to a leasehold.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, November 28, 1927:

Bertha, Albert and Alice Loew, the three surviving children of John A. Loew, deceased, presented their petition to the Orphans' Court of Allegheny County, December 23, 1926, praying an inquest to make partition of three pieces of real estate of which their father died seized. The Braddock Trust Company, trustee under the will of decedent, was properly brought in as a party to the proceeding. The prayer of the petition was granted over the objection of Mary A. Loew, widow of decedent, who filed this appeal.

John A. Loew died January 23, 1925, leaving a will, under the twelfth clause of which he devised and bequeathed "all the rest, residue and remainder" of his estate, "real, personal and mixed," to the Braddock Trust Company, in trust, "to invest......in good, safe and sound securities," and to pay the net income in four

equal parts to his widow and three children (the petitioners), during the life of the widow. He directed that, "upon the death" of the widow, the trust should "cease and terminate," and "the corpus thereof" should be "divided into three equal parts," one "to be paid" to each child, absolutely. Immediately following, in the same clause, testator, "for the purposes of this trust," authorized the trustee, "if it so desires," to take his residuary estate "in kind," as existing "at the time of [his] decease." He further empowered the trustee, "at its discretion," and "when and as it may deem advisable and expedient," to sell any or all real estate.

Testator's widow, on August 3, 1925, elected in writing to take against his will, which election was duly recorded. On April 26, 1926, upon the adjudication of the final account of decedent's executors, a decree was made distributing so much of the residuary estate as was in the form of personalty, one-third being awarded to the widow and the balance to the three children absolutely. The remainder of the residuary estate consisted of the three pieces of real estate here involved, and one other piece, this being the homestead of decedent, which was not included in the petition for partition, because, in October, 1926, the widow and three children, each claiming as owners of their respective interests, conveyed that property to a purchaser thereof by two separate deeds. The Braddock Trust Company, trustee under decedent's will, was not asked to and did not join in either of these conveyances, nor did it execute a separate deed to the purchaser. In other words, those concerned treated that real estate as real estate.

The petition for partition was filed by the three children of testator, appellees in this case, on the ground that, as a result of the widow's election to take against the will, the purpose of the trust had failed, it had become passive, and was executed, whereby they were seized of a two-thirds undivided interest in the real estate of their father, in fee simple, free from all trusts,

the widow of decedent being entitled to the other one-third. A citation was awarded to the widow and to the trustee under the will, to show cause why an inquest to make partition should not be awarded; thereafter, a writ of partition issued and this appeal followed.

The trustee filed no answer, but the widow replied, objecting to the proceedings on the ground that the will directed the Braddock Trust Company, as trustee, to sell and convert into cash, prior to the termination of the trust, all real estate constituting a part of the residuary estate placed in its charge. She denied that, by reason of her election, the purpose of the trust had failed, or that the trust had become passive or was executed, but claimed that the trust was still active, and that the full legal title to the undivided two-thirds interest in the real estate described in the petition was vested in the Braddock Trust Company, as trustee, and would remain thus vested until the terms of decedent's will had been fulfilled by a proper distribution at its hands; or, to quote from the answer, appellant averred that "decedent, by his......will......directed the sale and conversion by the Braddock Trust Company, as trustee, of all the real estate constituting a part of his residuary estate, into cash, prior to the final termination of the trust, and the payment and distribution of the trust estate to his three children in equal shares." These, and other above-recited provisions of the will, appellant contends, worked a conversion of the real estate into personalty, subject to distribution by the testamentary trustee alone. In short, the widow contends that the petitioners had no interest in the real estate as such which would entitle them to an inquest for partition; therefore, that this proceeding was "a mere nullity and void ab initio."

The law does not favor conversions; they are the result of a fiction of equity and are dependent, in a case like the present, entirely upon the intention of the testator. The controlling rules in relation thereto are well

stated by Mr. Justice BROWN (afterward Chief Justice) in Cooper's Est., 206 Pa. 628, 630, where he said: "In order to work a conversion of a testator's land into money, from the time of his death, there must be either, (1st) a positive direction to sell; or (2d) an absolute necessity to sell in order to execute the will; or (3d) such a blending of real and personal estate by the testator in his will, as to clearly show that he intended to create a fund out of both real and personal estate and to bequeath the said fund as money. The direction to sell must be absolute......[for]......to establish a conversion, the will must direct it absolutely, or out and out, irrespective of all contingencies;......unless there be an imperative direction to sell, irrespective of contingencies and independent of discretion, conversion will not take place until the sale is actually made."

Here the trustee was authorized "at its discretion ......to sell any or all of the real estate," there being no absolute direction to sell independent of discretion. "A bare power of sale, such as a discretionary power, will not work a conversion till exercised" (Chamberlain's Est., 257 Pa. 113, 116; Davidson v. Bright, 267 Pa. 580, 583), and the present trustee made no attempt to use the power in question. No necessity exists for a sale, or conversion into money, of this real estate, in order to carry out the provisions of the will; with the ending of the trust, brought about by the widow's election to take against the will, the duty of the trustee to pay out income ceased, and the only thing left to be done is the division of the corpus, represented by this real estate, into equal parts, one of such parts, after deducting the widow's share, to go to each child. Again, so far as the question of conversion is concerned, even if the trust was not executed, and if it was necessary for the trustee to act in making a division of the real estate, we have held that a general testamentary direction to divide and pay, used in connection with both real and personal estate, does not necessarily work a conversion of

the former into the latter: Seeds v. Burk, 181 Pa. 281, 290; Martin v. Provident, etc., Co., 235 Pa. 281, 286. See also cases from other jurisdictions on this point under the word "Pay" in Words and Phrases, old and new editions. In Martin v. Provident, etc., Co., supra, we said: "When it is manifest that each and every provision of the will can be carried out without a sale of the real estate, and the effort is to derive an intention to convert from the fact of a blending of the real and personal estate, such inference cannot be supported except as it rests on something more than a mere failure on part of the testator to distinguish between the two kinds of property in directing that his estate be divided into shares and distributed"; this is all we have in the present instance. The trustee, as it was authorized by the will to do, took the residuary estate in kind, as found at the time of testator's death, and, on, the trust being brought to an end by the election of the widow, the real estate passed in kind to those entitled thereto.

On the point of the trust having been brought to an end by the election of the widow, there is nothing in the will of decedent to indicate (as in Reighard's Est., 283 Pa. 141), that the span of her life was used as a yardstick to measure the duration of the period which must expire between the death of testator and the distribution of the corpus of his residuary estate; on the contrary, this is the ordinary case of a husband who desired to "create a trust during the life of his widow, so that she might enjoy the income from, not one [fourth] of his [residuary] estate, but one [fourth] of the income from his whole [residuary] estate," and who "postponed [distribution of the principal] until his widow's death for the reason that he desired the entire estate held intact, to secure her one [fourth] of the income therefrom, rather than to set aside one [fourth] of the principal for her benefit": Disston's Est., 257 Pa. 537, 542. Therefore, when the widow elected to take against the will, the usual rule applied, and the interests of the children be-

came immediately payable to, or vested in, them, just as. though the widow had died; except, of course, that each of their shares would be reduced by the proportion going to her under the intestate law: Disston's Est., supra. Mary A. Loew, by her election, defeated the dominant purpose of testator in creating the trust, and there is no controlling reason for keeping it alive for purposes of distribution, or for viewing the real estate contained therein as other than real estate. Under the facts in this case, the trust was executed as of the date of testator's death; the widow's election took effect as of that date, and the real estate vested in those entitled thereto, as tenants in common, the widow of testator taking a one-third undivided interest, and the remaining six-ninths going to his three children, petitioners in the court below and appellees here. As well said by the court below, "All parties, including the trustee, have been brought on the record and the only interest [the widow] has is to see that she obtains the share which her election entitles her to."

There was a petition and an amended petition in this case, with answers to each,—though, as a matter of convenience, we have made no previous mention of the fact that the first pleadings were supplemented. The original petition alleged that certain of the properties in controversy were subject to a lease made by decedent to his son Albert G. Loew and Michael J. Quinn, doing business as J. A. Loew's Sons, for a term of five years, expiring September 30, 1928, with the privilege of extension for an additional term of five years. The widow, in her answer to the original petition, averred the legal conclusion that the alleged lease was null and void. In the amended petition, which in all other respects followed and elaborated the original pleading, appellees omitted mention of the previously-averred lease, as also did the answer of the widow. The court below nevertheless directed that its clerk should "note in his recital [in the 'writ of partition'] that one of the properties is

subject to a leasehold," holding that there had been no sufficient denial of that fact. This notation cannot harm anyone; as said in the brief of appellees: "The party who eventually will acquire the property in severalty can himself decide, in all good time, whether to take action looking to a judicial determination of the validity of the [alleged] lease."

The order awarding inquistion is affirmed at cost of appellant.