478

## McDONNELL v. McDONNELL et al.
### No. 7609.

United States Court of Appeals for the District of Columbia.

Argued June 12, 1940.

Decided June 28, 1940.

Vincent L. Toomey, of Washington, D. C., for appellant.

Vivian O. Hill, J. Y. E. Allen, George E. Sullivan, Joseph Dillon Fitzgerald, and William T. Hannan, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

This is a suit by one of the beneficiaries of a trust to terminate the trust and distribute the estate. He appeals from a decree dismissing his complaint.

The will of James B. McDonnell gave the residue of his property to appellee Sullivan as trustee with full powers of management, including the power to decide whether to distribute or accumulate net income, except that the family home was to be kept up for the use of the widow and that not less than $300 a month was to be paid to her. The trustee was to decide how much, if any, of the remaining income should be distributed to any or all of the testator's descendants, except that neither of his two daughters was to receive more than $100 a month. The will continued: "My Trustee is thoroughly conversant with my family conditions and will know how to disburse the net income, from time to time, as conditions may warrant, including particularly whether any income shall be disbursed to or for the benefit of my son Ignatius, whose conduct has been most distressing for a considerable period. I know that my said Trustee will see to it that my son Maurice is suitably taken care of or provided for, either directly or through my said wife. (d) The aforesaid trusteeship, and all powers thereunder shall continue until not only the remarriage or death of my wife but until my youngest surviving child shall have reached the age of 25 years, whereupon my said Trustee * * * shall terminate said trusteeship in the following manner, namely: (1) By conveying and transferring to my son Maurice, or his descendants per stirpes, absolutely and in fee simple * * * all of the trust estate then remaining, with the exception of such part thereof, if any, and not exceeding in any event a one-fourth part, as my said Trustee or his successor may determine to be merited by my son' Ignatius by his change of conduct. (2) By suitable conveyance and transfer to my son Ignatius, absolutely and in fee simple, such part, if any, as aforesaid, as my said Trustee or his successor may determine. (3) By inserting in the conveyance to my son Maurice a lien or charge (excepting as against the said home premises) in favor of each of my daughters aforesaid for the payment to them of the sum of $100 each per month so long as they may live."

The testator's widow has neither died nor remarried. On June 3, 1929, she renounced the will and elected to take her statutory share of the estate. The youngest child, Maurice, reached the age of 25 on August 7, 1938. On June 19, 1939, he filed this suit for termination of the trust and distribution of the estate. The widow and one daughter assent; the other

daughter, the son Ignatius, and the trustee object. The District Court held that the widow's rejection of the will did not accelerate the remainders, and dismissed the complaint.

 The question turns on the testator's intention. Within limits not reached here, he was free to provide that the trust should continue until the happening of any given event. When a widow's economic welfare appears to have been a testator's only object in postponing remainders to her death or remarriage, her rejection of the will has sometimes been held to be equivalent to her death, with the result that it accelerates the remainders.[1] But when the widow's economic welfare was not the testator's only object in postponing remainders, and her rejection of the will leaves his other purposes unfulfilled, her rejection is not equivalent to her death and does not accelerate remainders.[2] This case is of that sort. One of the testator's evident objects was to provide his son Ignatius with a motive for changing his ways, and a hope of enriching himself thereby, during a defined period. That period has not expired. We do not know why the testator defined it as he did. He may have been more concerned about the conduct of Ignatius before the widow's remarriage or death than after, on the ground that his conduct would affect her less if she remarried and not at all if she died. He may have thought that when her influence was ended by death or impaired by remarriage, the effort to restrain Ignatius would become hopeless and might as well be abandoned. From neither point of view can it be said that the widow's rejection of the will was equivalent to her death. For all that appears, it left her as capable as ever of influencing the conduct of Ignatius and of being affected by it. To distribute the estate now, and thereby remove restraint from the son before the death or remarriage of the widow, would violate the testator's intention.

Even when all beneficiaries ask that a trust be terminated, our law denies termination if any of the settlor's purposes remain unfulfilled. Shelton v. King, 229 U.

S. 90, 33 S.Ct. 686, 57 L.Ed. 1086; McDonald v. Fulton Trust Company, 71 App. D.C. 36, 107 F.2d 237. Here one of the settlor's purposes is unfulfilled, and two of the beneficiaries oppose termination.

Affirmed.

---

[1] Craig v. Craig, 140 Md. 322, 329, 117 A. 756; In re Levy's Will, 171 Misc. 431, 12 N.Y.S.2d 799; Disston's Estate, 257 Pa. 537, 101 A. 804, L.R.A.1918B, 62; Loew's Estate, 291 Pa. 22, 139 A. 582. Cf. 5 A.L.R. 460.

[2] Bross v. Bross, 123 Fla. 758, 167 So. 669; In re Reighard's Estate, 253 Pa. 43, 97 A. 1044; Reighard's Estate, 283 Pa. 140, 128 A. 847.