### In re STEVENS' ESTATE.

### No. 72806.

United States District Court
District of Columbia.

Feb. 2, 1951.

Hilary W. Costello, Washington, D. C., for Ernest W. Stevens.

Harry L. Ryan, Jr., Washington, D. C., for Elizabeth Atkinson, executrix.

Edgar A. Wren, Washington, D. C., for William V. Mayhew, coexecutor.

Ralph A. Cusick, Washington, D. C., for Frank Mayhew.

TAMM, District Judge.

This matter comes before the Court at this time as a result of the objections of Ernest W. Stevens to the restated first and final account of the Executors. Ernest

W. Stevens first objects to the Executors' account because of its failure to include therein an allowance of interest at the rate of 6% on his $1,000 legacy. The Court feels that this objection is without merit in the light of all of the circumstances in the administration of this estate.

The second and third objections of Ernest W. Stevens are addressed to the Executors' allowance of sums of $5,811.60 to William V. Mayhew and Frank Mayhew respectively on the grounds that the total of these sums should be distributed to the residuary legatees "in the shares stated in the will."

In order to consider the second and third objections to the Executors' account as outlined above, it is necessary to review briefly certain aspects of this case which are a matter of record in the Court. The will of George B. Stevens has already been construed, and a detailed opinion upon the questions involved in its construction written by Judge Holtzoff. Mayhew v. Atkinson, D.C., 93 F.Supp. 753. It will be observed from that opinion that the will provided that the residue of the estate of the testator was to provide a trust from which fixed amounts were to be paid the widow for life or until she remarried, with remainders in fee simple to William V. Mayhew and Frank Mayhew of a certain parcel of realty together with the building and business located thereon. This property was to have been part of the trust res set up for the widow in the will. The widow renounced her interest under the will and elected to take the share to which she would have been entitled in the event of intestacy.

This Court, Holtzoff, J., in the cited opinion held that since the widow of the deceased renounced her life estate created for her benefit under the will, and elected to take the share to which she would have been entitled in case of intestacy, the interests of the remaindermen became accelerated and payable immediately, and the corpus would be presently distributed. It was determined by the Court that the widow's share would be allocated to her by taking the same proportion of each of the remainder interests and the same fraction of the other legacies, notwithstanding the existence of considerable surplus income above the amounts payable to the widow under the will, where the life estate was created solely for the widow's benefit.

Under the will William V. Mayhew and Frank Mayhew were to receive as remaindermen upon the death or remarriage of the widow the real property located at 2759 Nichols Avenue, S. E. (lot 802 in Square 5982), together with the stock, equipment and good will of a business located thereon. This real property and the business thereon constituted a part of what was to have been under the will a testamentary trust for the widow. The Court ruled that these remainders were accelerated. 93 F.Supp. 756.

In their final account, the executors, pursuant to the opinion of this Court referred to above, provided for the allowances of one-third of the income received by the estate in the operation of the testator's business to William V. Mayhew and one-third to Frank Mayhew.

Ernest W. Stevens' second and third objections to the account of the Executors claims that the allowance of one-third of the income from the business to William V. Mayhew and one-third of the business to Frank Mayhew were contrary to the order of the Court entered on November 21, 1950 upon the basis of Judge Holtzoff's opinion heretofore cited.

Upon the widow's renunciation, the remainders which were accelerated became specific legacies notwithstanding the fact that the language creating these legacies was contained in the residuary clause. Vogel v. Saunders, 1937, 68 App.D.C. 31, 92 F.2d 984; 128 A.L.R. 822 et ff.; cf. Reid v. Dodge, 1916, 44 App.D.C. 558. As specific legatees, William V. and Frank Mayhew became entitled to the income which had been received by the estate in the operation of the testator's business since the death of the testator. Nash v. Ober, 1894, 2 App.D.C. 304; 116 A.L.R. 1129 et ff.; 57 Am.Jur. p. 1107. Accordingly, Frank and William V. Mayhew are each entitled to the allowances of one-third of the income received by the estate in the administration of the property.

 The fourth and final objection of Ernest W. Stevens to the restated first and final account of the Executors protests against the inclusion in the account of interest charges upon the Federal estate tax which petitioner alleges were imposed "due to the negligence of the Executors in failing to pay the tax within the time allowed by law." The records of the Court contain ample records of the involved and bitter disputes among the heirs and claimants of the deceased to establish beyond doubt that the Executors were not at fault in their handling of the estate, but rather that the status of the estate, the amounts involved, and the beneficiaries thereof required Court adjudication. The Court denies, therefore, this objection to the account of the Executors.