**Harold J. BOBYS
and
Gilbert Smulkin, Plaintiffs,**

v.

**Asa BOBYS et al., Defendants.**

**Civ. A. No. 201-68.**

United States District Court
District of Columbia.

May 20, 1968.

Seymour Friedman, Washington, D. C., for the Trustee.

Laurence Levitan, Washington, D. C., for defendant Asa Bobys.

Nathan L. Posner, of Philadelphia, Pa., for the estate of Frank Bonner, Jr.

## OPINION

HOLTZOFF, District Judge.

This is an action by the trustees of a testamentary trust for the construction of the will. Their problem relates to an estate *pur autre vie*. Specifically the trustees request instructions as to what

disposition should be made of the income bequeathed to a person *pur autre vie,* if the legatee predeceases the person for whose life the estate is to last. The matter is before the Court on plaintiffs' motion for summary judgment, as the facts are not in dispute.

The case concerns the will of Phil Bobys, which was probated in this Court on May 18, 1961. After making some specific bequests, the testator created a trust of the residue. He devised and bequeathed the entire net income of the trust estate to his sister, Minna Bobys, during her life. She died on November 8, 1962. Article Five of the will provided that at the death of Minna Bobys, then during the lifetime of the testator's brother Asa Bobys, two-thirds of the income should be paid to him, and one-third to the testator's nephew, Frank Bonner, Jr. Upon the death of Asa Bobys, the trust was to terminate, the corpus was to be converted into money and after the deduction of a specific legacy, the money was to be paid to Frank Bonner, Jr. In the event that Frank Bonner, Jr. should be deceased at the time of distribution, the money was to be paid to his children, or the survivor of them.

Frank Bonner, Jr. died on July 2, 1967, predeceasing Asa Bobys, who is still alive. The will contains no provision as to what disposition is to be made of the one-third of the income payable to Frank Bonner, Jr., in the event that he predeceases Asa Bobys, although the trust was to continue in existence during the lifetime of Asa Bobys. The will is clear that if Frank Bonner, Jr. survived Asa Bobys, he was to receive the corpus after the death of Asa Bobys; and in the event that Frank Bonner, Jr. were deceased at the time of distribution, the proceeds were to be paid to his children.

 An inspection of the entire will clearly indicates that apparently the Bobys family was closely knit. It was the manifest desire of the testator to benefit, first, his sister, then his brother Asa, his nephew Frank Bonner, Jr. and the nephew's children. The contention that Asa Bobys is entitled to receive the fund that is here in controversy is untenable. It is suggested in behalf of the children that the provision made as to them should be accelerated in the light of their father's death, and that the one-third of the income, which had been bequeathed to their father, should be paid to them. See Mayhew v. Atkinson, D.C., 93 F.Supp. 753. While such a disposition would be arguable, it is precluded by the fact that the matter is governed by statute.

 What Frank Bonner, Jr. received was one-third of the income of the corpus for the life of his uncle, Asa Bobys. It was an estate *pur autre vie,* i. e., a life estate measured by the life of a third person rather than the life of the grantee. Such estates are, of course, known to the law, 4 Kent's Commentaries (8th Ed.) #26; Coke on Littleton, Sec. 56. In recent times they have come into disuse. As is also the case in some of the States, in the District of Columbia they are now, in part, governed by statute. It is provided in D.C.Code 45–805 that:

> "An estate for the life of a third person * * * shall be deemed a freehold only during the life of the grantee or devisee, but after his death it shall be deemed a chattel real and be a part of his personal estate."

Thus Frank Bonner's interest *pur autre vie,* which entitled him to one-third of the income during the life of Asa Bobys, does not become extinguished at the time of his own death if he predeceases Asa Bobys. His interest passes to his estate. Consequently, the income to which Frank Bonner, Jr. was entitled should be paid to the personal representatives of his estate during the life of Asa Bobys. This right does not terminate until the death of Asa Bobys, when the other provisions of the will will come into effect.

This disposition, which is obviously required by law, does no violence to the evident intent of the testator, which apparently was to benefit Frank Bonner's

children after their father's death. Frank Bonner bequeathed and devised all of his property to his widow, who is also the guardian of his two minor children. It is clear, therefore, that in this manner the two children will, at least indirectly, benefit from the income previously bequeathed to their father, and will receive their father's share of the corpus after the death of their uncle Asa.

Accordingly Article Five of the will of Phil Bobys will be construed in accordance with this opinion. Counsel may submit a proposed judgment.