(No. 11754.—Decree affirmed.)

JAMES E. SHERMAN *et al*. Defendants in Error, *vs*. IDA A. FLACK *et al.*—(AMOS E. MILLS, Plaintiff in Error.)

*Opinion filed April 17, 1918.*

1. WILLS—*rule as to acceleration of remainder on failure of life estate.* The rule that where there is a devise to one for life with a remainder to another and if the life estate fails for any reason the remainder is accelerated and takes effect at once is applied only to promote the presumed intention of the testator, and where the intention is evident that the remainder is not to take effect until after the expiration of the life of the prior donee the remainder will not be accelerated.

2. SAME—*when remainder is accelerated by widow's renunciation of life estate.* Where a testator devises his estate to his wife for life and provides for the sale and distribution of the remainder within one year after her death, and there is nothing to indicate any object of the testator in postponing the final disposition except to permit his wife to enjoy the property during her life, upon a renunciation by the widow of her interest under the will the remainder will take effect at once, and the remainder-men may elect to take the land in lieu of the proceeds of sale.

3. SAME—*when certain remainder-men have no interest in the re-conversion.* Remainder-men who are devised specific amounts of the proceeds of the sale of land and who have been paid the amounts they are entitled to under the will have no interest in the matter of an election by the other remainder-men to take the land instead of the balance of the proceeds of the sale thereof, as directed by the will.

4. SAME—*when equity has jurisdiction of bill to construe will.* The rule that a court of equity will not take jurisdiction of a bill to construe a will merely to declare that contingent remainders are destroyed and that the complainant has a legal title in fee simple does not apply where there is a real question as to the construction of the will, arising with reference to a re-conversion into real estate of a remainder devised as personal property. (*McCarty v. McCarty,* 275 Ill. 573, distinguished.)

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

BYRON M. MERRIS, for plaintiff in error.

McDAVID & MONROE, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

James E. Sherman and Patrick J. Lovett filed their bill in the circuit court of Macon county for a construction of the will of Charles O. Flack, who died on September 27, 1902, leaving a will, whereby he devised certain real estate in Macon county to his wife, Ida A. Flack, during her lifetime. The remainder was devised as follows: "At her death the real estate described as follows, W½ E½ lots 3 and 4, NE¼ 4 to be sold, and from the proceeds of such sale $75 to be paid equally among her brothers and sisters or their heirs, together with any improvements or expense put on said real estate by her; the above mentioned $75 was paid by Moses Baker to C. O. Flack; after all just debts and funeral expenses are paid the balance of proceeds of said sale to be equally divided among my brothers and sisters or their heirs. Real estate to be sold to the highest and best bidder within one year from the time of her death." He left two brothers and five sisters, who were his only heirs-at-law. His will was admitted to probate and the widow renounced its benefit. The brothers and sisters, upon the theory that by reason of the failure of the life estate the period of distribution had arrived, elected to take the land in lieu of the proceeds of the sale and paid $75 to the brothers and sisters of the widow. The widow and the brothers and sisters of the testator, except Rebecca Tohill, one of the sisters, in 1904 executed warranty deeds of the premises to Jona M. Tohill, the husband of Rebecca, and Jona M. Tohill and Rebecca Tohill, his wife, on March 15, 1913, conveyed the whole of the premises by warranty deed to the complainants, James E. Sherman and Patrick J. Lovett, who on February 26, 1917, conveyed an undivided one-half of the premises to Arnaldo B. Chapman. Sherman and Lovett claim to be the owners in fee simple

of the undivided half of the premises. They aver that their title is depreciated in value and rendered unmerchantable because of the uncertainty in meaning of the will of Charles O. Flack, and they pray that they may be declared to be the owners of the premises in fee simple. A sister and a brother of Flack died after the execution of the deeds to Tohill, leaving children. These children and the surviving brother and sisters and others were made defendants to the bill. A guardian *ad litem* was appointed and answered, and all the adult defendants were defaulted except Amos E. Mills. He filed an answer claiming to be a legatee under the will, and to be entitled, as one of the heirs of the deceased sister of the testator, to participate in the division of the proceeds of the devised premises in the contingency of his surviving the widow, and denying that any sale and division could be made before her death. The court construed the will in accordance with the claim of the complainants, decreeing them to be the owners of the undivided one-half of the premises in fee simple, and Amos E. Mills has sued out a writ of error.

Since the amendment of section 50 of chapter 22 of the Revised Statutes in 1911 the existence of a trust is not necessary to the jurisdiction of a court of equity to hear and determine bills to construe wills where there is doubt or uncertainty as to the rights and interests of the parties. In *McCarty* v. *McCarty*, 275 Ill. 573, we held it was error for a court of equity to assume jurisdiction of a bill to construe a will where there was no equitable estate to be protected or equitable right to be enforced and no necessity for the exercise of the power of the court for the conservation, preservation, protection or betterment of the estate or the settlement of any real controversy between the parties but where the bill was filed only for the purpose of obtaining a decree that contingent remainders had been destroyed and that the complainant had a legal title to the premises in fee simple. In the present case, however, a question for con-

struction arises as to the re-conversion into real estate of the remainder devised by the will as personal property. The direction to sell the real estate after the death of the testator's widow and distribute the money constitutes a devise of money and not of land. *Baker* v. *Copenbarger,* 15 Ill. 103.

Plaintiff in error contends that the brothers and sisters of the testator could not elect to take the land itself instead of the money without the consent of all the devisees, and that all of the devisees cannot be ascertained until the death of the widow. So far as the brothers and sisters of the testator's widow are concerned, the payment of the $75 which they were to receive and its acceptance by them eliminates their interest. They have received everything to which they can be entitled under the will and cannot be affected by the re-conversion. *Hoopeston Public Library* v. *Eaton, (ante,* p. 449.)

It is insisted that an insurmountable obstacle to the right of election and re-conversion is that the remainder-man can not be definitely ascertained until the death of the widow, and the briefs are devoted in great part to the discussion of the question whether the devise of the remainder to the brothers and sisters of the testator or their heirs was contingent or vested. The real question, however, is, what is the time of division? If that time has arrived, whatever may have been the contingency previously it no longer exists but the remainder is vested. The language of the will fixes the time for the sale and division at the death of the wife, and it is the settled rule that a devise to survivors, preceded by a life estate or other prior interest, will take effect only in favor of those who survive the period of distribution. There is, however, another rule, that where there is a devise to one for life with a remainder to another, if the life estate fails for any reason the remainder is accelerated and takes effect at once. (*Blatchford* v. *Newberry,*

99 Ill. 11.) The doctrine of acceleration of remainders proceeds upon the supposition that although the ultimate devise is in terms not to take effect in possession until the death of the life tenant, yet in point of fact it is to be read as a limitation of a remainder to take effect in every event which removes the prior estate out of the way. The doctrine is founded upon the presumed intention of the testator that the remainder-man should take, on the failure of the previous estate, notwithstanding the prior donee may be still alive, and is applied in promotion of the presumed intention of the testator and not to defeat his intention. Where the intention of the testator is evident that the remainder should not take effect until the expiration of the life of the prior donee the remainder will not be accelerated. (*Blatchford* v. *Newberry, supra.*) In the case cited the court found in the provisions made by the will for the disposition of certain portions of his estate in case of the death or incapacity to take of the beneficiaries, evidence of an intention of the testator that the remainder should not take effect until the death of the wife and the daughters but in the meantime the property should be held by the trustees for accumulation. In *Slocum* v. *Hagaman,* 176 Ill. 533, it is said that it seems to be settled by the weight of authority that where the widow, who has been given a life interest under the will, renounces and elects to take her dower or the statutory allowances instead, her renunciation works an extinguishment of her life estate and accelerates the rights of the second taker, and it was held that the postponement of the division of the estate in that case until the death of the widow was for the purpose of securing her income during her life, and when she renounced the provisions of the will the reason for the postponement of the period of distribution no longer existed and it was proper to make such distribution as though the widow had died. In this case there is nothing to indicate any object of the testator in postponing the final disposition of his

estate except to permit his wife to enjoy the property during her life. There is, therefore, no reason why the limitation of the remainder should not be read in accordance with the presumed intention of the testator that it should take effect upon the happening of any event which removes the life estate out of the way.

The decree of the circuit court will be affirmed.

*Decree affirmed.*