CAROLINE G. HESSELTINE, executrix, *vs.* GERTRUDE R. PARTRIDGE & others.

Middlesex.     March 10, 1920. — May 21, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & JENNEY, JJ.

*Devise and Legacy*, Acceleration of estate in remainder by waiver of life estate by widow, Residue.

A testator, when he made his will, owned five parcels of real estate. By his will he purported to give to his widow for life the first and second parcels and the "use and occupation" of the third "so long as she shall desire to reside therein," and, after the death of the widow, he gave the first parcel to his son, and the second to his two daughters. The third parcel he gave to his two daughters subject to the widow's personal right to "use and occupation." The fourth and fifth parcels were devised to the son. Certain specific legacies were given to the widow and the son and "all the remainder" of the estate to the daughters. Previous to his death, the testator sold the second and the fifth parcels. At his death the testator left real estate valued at $72,700 and personal property

which, after payment of debts and expenses of administration, exceeded $55,800. The widow was appointed executrix and waived the provisions of the will in her favor under R. L. c. 135, § 16. Thereafter she as executrix received the income from the first parcel of real estate described in the will among other properties, appropriated one third thereof to her own use, and, both the son and the two daughters claiming the remaining two thirds, brought a bill in equity to determine to whom payment should be made. The will contained no provision that the residuary legatees should not suffer upon a waiver by the widow of the provisions of the will for her benefit. The suit was heard upon an agreed statement of facts, in which there was not shown any basis for an apportionment of losses as between specific legatees. *Held*, that

(1) The waiver by the widow of her life estate in the property in question accelerated the estate in remainder given to the son, and, no intention to the contrary appearing in the will, the loss occasioned thereby must fall upon the residuary legatees;

(2) No adjustment of losses as between the specific devisees could be made upon the facts agreed upon;

(3) The executrix should pay the remaining two thirds of the income from the first parcel to the son of the testator.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex by the executrix of the will of Francis S. Hesseltine, late of Newton, for instructions relating to the disposition of two thirds of the income from a certain parcel of real estate owned by the testator at the time of his death and disposed of by his will.

The suit was heard upon an agreed statement of facts by *L. E. Chamberlain*, J., who filed a decree instructing the plaintiff that payment be made to the testator's son, Norman F. Hesseltine; and the testator's daughters appealed.

*J. H. Knight*, for the daughters of the testator.

*T. W. Proctor*, for the son of the testator.

JENNEY, J. Francis S. Hesseltine died testate February 17, 1916, leaving a widow, who is the plaintiff, a son, Norman F. Hesseltine, and two daughters, Marion E. Hesseltine and Gertrude R. Partridge. His estate consisted of personal property, inventoried as of the value of $77,831.87, and real estate as of the value of $72,700. The debts and expenses of administration did not exceed $12,000. His real estate, as described in the will, was situated on Concord Square, Huntington Avenue, Tremont Street, and Townsend Street in Boston, and West Emerson Street in Melrose. The testator sold, after the will had been made, the property situated on Huntington Avenue and on Townsend Street. Presumably the proceeds thereof increased the amount of his per-

sonal estate, as it did not appear that the sums received had been invested in any other landed property.

By his will he purported to give to his widow the real estate on Concord Square and on Huntington Avenue for life, "the use and occupation" of his house in Melrose, "so long as she shall desire to reside therein, and the use" of his furniture, useful and ornamental, and personal property therein situated "as long as she shall desire to use and enjoy the same." On her death, the Concord Square property was devised to his son, a part of the property on Huntington Avenue was devised to his daughter Gertrude, and the remainder of that property to his daughter Marion. The Tremont Street and Townsend Street properties were devised to the son; and the Melrose property, subject to the personal right of the widow to use and occupy it, was given to the daughters. After legacies of specific personal property to his wife and his son, and a bequest of $5,000 to the latter, his daughters were given "all the remainder" of the estate.

The widow duly waived the provisions of the will in her favor, and thereby became entitled to the interest in his estate provided in R. L. c. 135, § 16, which in this case amounted to $10,000 out of the personal property and the income of one third of all the other property, real or personal. The will must be "interpreted as if it contained no provision for her." *Crocker* v. *Crocker*, 230 Mass. 478. The widow has received one third of the net income from the Concord Square and Melrose properties and from "all other property" except the specific and general legacies to the son.

It thus appears that by the sale of the Huntington Avenue and the·Townsend Street houses in the testator's lifetime, the specific devises thereof to the daughters and son have become wholly inoperative; that the unqualified life estate of the widow in the Concord Square house and her qualified interest in that in Melrose have ceased; that the residue of the estate has been depleted by the waiver by the wife of the terms of the will in her favor; and that the son has lost one third of the unstated income of the Townsend Street house.

The controversy concerns the income of the Concord Square property, claimed by the daughters "either as a part of the residue or as compensation for the loss suffered by them," as specific devisees of the Melrose property and "as residuary legatees and

devisees by reason of the waiver by the widow of the provisions of the will in her favor and her claim to her statutory distributive share of the testator's estate."

The two thirds part of the income of the Concord Square property is not stated in the agreed facts upon which the case has been submitted. However, it is given in the bill and fixed in the decree of the Probate Court as $641.16, and as the filed objections to the decree accompanying the appeal therefrom do not assign any error in the amount so determined, it is assumed to be correct. Two thirds of the net income of the Melrose property for the same period is $307.26.

It is well settled that in cases like that under consideration, in the absence of a definite disclosed intention to the contrary, the residuary legatees suffer because of depletion of the estate; that the loss to particular legatees by reason of such depletion may be apportioned between disappointed legatees unless a contrary purpose appears; and that where such equitable compensation ought not to be made, a devise in remainder after a life estate is accelerated on the destruction of a life estate by reason of a waiver of the provisions of the will creating it, and takes effect at once. The purpose of the doctrine invoked is not a readjustment between legatees, because of "disappointment in expectation," but is to effectuate an indicated testamentary desire. *Crocker* v. *Crocker, supra. Pace* v. *Pace,* 271 Ill. 114.. See 18 L. R. A. (N. S.) 275, note.

There is nothing in the will showing an intent to shift the burden from the residuary legatees. The question arises solely between the son on the one side and the daughters on the other. The daughters only are interested in the residue; hence the case does not come within the doctrine of *Shreve* v. *Shreve,* 176 Mass. 456. In that case all the parties were interested in the residue, and the amount of diminution of the income thereof was equitably apportioned.

Neither can the loss to particular legatees be apportioned. The son has been deprived of a part of his income in the Tremont Street property; he has gained by the renouncement of the life estate in the Concord Square house. The *residuum* of the estate has been increased by an unascertained amount on account of the failure of the wife's absolute legacy of personal property and her

right to use other personal property. The daughters' devise of the house in Melrose is now free from the right of the widow to reside therein. The privilege of the use of this property as a residence was an interest in real estate of an unascertained, and probably indeterminate, value. *Kingman* v. *Kingman,* 121 Mass. 249. *Faxon* v. *Faxon,* 174 Mass. 509. *Dallinger* v. *Merrill,* 224 Mass. 534. The clause giving this qualified interest to the widow is to be construed in connection with the general devise of the same property to the daughters. These clauses considered together are not repugnant to each other, and both would have taken effect if the widow had not waived the provisions of the will. *Dallinger* v. *Merrill, supra.* There is no way apparent on the record from which, between the children of the testator, losses of specific devisees can be apportioned. Clearly a present adjustment should be made or provided for. The result cannot depend upon changes in sale or rental value of the property.

It follows that the decree of the Probate Court must be affirmed, except that the question of costs as between solicitor and client may be determined by a single justice.

*Ordered accordingly.*