HARRIET C. McCOLLUM, EXECUTRIX, APPELLEE, v. JAMES P. McCOLLUM ET AL., APPELLANTS.

FILED MARCH 28, 1922. No. 21987.

Wills: INTESTATE PROPERTY. Where a will leaves a part of the property of the testator undisposed of, such property passes to his legal heirs by virtue of the laws of inheritance, and the fact that the widow of the testator renounces the provision made for her in the will cannot operate to make the will cover and dispose of property as to which the decedent died intestate.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*J. C. McNerney,* for appellants.

*Good & Good, contra.*

Heard before LETTON, FLANSBURG and DEAN, JJ., DAY and GOOD, District Judges.

LETTON, J.

This case involves the construction of a will as affected by the renunciation of the provisions in her favor by the widow of the testator. The material provisions of the will are as follows:

"I give, devise and bequeath unto my wife, Harriet C. McCollum, all my property of every description, both real and personal, to have and to hold the same in her own

right during her life, with full power to grant, bargain, sell and convey the same or any portion thereof, provided however that one-half of my entire estate which may still remain in the possession and ownership of my wife at the time of her death, that is such property both real and personal of said estate of which she has not been legally divested, shall go to my brother James P. McCollum and my sister Elizabeth E. Duncan, share and share alike, that is one-fourth to James P. McCollum and one-fourth to Elizabeth E. Duncan, and in case of the death of either of the said two last named parties said share shall vest in the heirs of said party by right of representation."

Within the time limited by law the widow elected to take under the law of descent and distribution and to renounce the will. When the estate came to be distributed, the county court, and the district court on appeal, found that, by the election of the widow, the distribution of the estate was accelerated, that the will gave a life estate to the widow and one-half of the remainder at the expiration of that estate to James P. McCollum and Elizabeth E. Duncan, share and share alike, and the other one-half of the remainder to the heirs at law of the testator, as intestate property, and that the shares which were specifically devised to James P. McCollum and Elizabeth E. Duncan and the portion of said property which passed as intestate estate were ratably diminished so that said James P. McCollum and Elizabeth E. Duncan are each entitled to one-eighth of the entire estate and the heirs at law of the said Charles E. McCollum are entitled to one-fourth of said estate.

James P. McCollum and Elizabeth E. Duncan have appealed, contending that the property should be divided one-half to the widow, Harriet C. McCollum, and one-fourth to Elizabeth E. Duncan, and one-fourth to James P. McCollum; that the widow, by her election, takes the one-half of the estate undisposed of by the will, and there should be no abatement of the shares of the other bene-

ficiaries named in the will; that in satisfying the widow's claim and right by her election to take under the law the one-half of the entire estate, it is unnecessary to break the plan of the testator as expressed in his will by awarding to his widow any portion of the half of his estate devised and bequeathed to his brother and sister.

The estate was given to the widow for life with power of disposal, upon her death one-half of what was left was given by the will to the appellants, share and share. alike. The other half was undisposed of by the will and was therefore property as to which the deceased died intestate. It therefore fell to his lawful heirs by the right of inheritance. As soon as the deceased passed away the heirs took a vested interest in this one-half of the undisposed of remainder, subject to be reduced or even determined by the act of the widow in conveying it during her lifetime. The action of the widow in taking under the statute instead of under the will removed from the operation of the will one-half of the estate, and left only the other half for the will to operate upon. The condition then became the same as if the widow in her lifetime had consumed one-half of the estate, as she was entitled to do. In that case the will could only operate on one-half of the half that was left, and the other half would fall to the legal heirs as intestate property. We find no warrant for changing the purpose of the testator and holding that property undisposed of by the will is affected by that instrument, or by the diminution of the estate by the act of the widow in renouncing its provisions.

When the widow elected to take against the will, the provisions as to her life interest must necessarily be treated as if she had terminated her life estate by death. She has no further interest in them or in the remainder depending upon such life interest if such remainder is disposed of by the will. *Disston's Estate*, 257 Pa. St. 537, L. R. A. 1918B, 62; *Rench v. Rench*, 184 Ia. 1372.

In *In re Estate of Grobe*, 101 Neb. 786, it was said that

the renunciation of a will by a widow will not be allowed to break the testamentary plan further than is absolutely necessary. We adhere to this principle. To hold as the appellants contend would thwart the evident desire of the testator shown by the will that one-half of the estate left at the death of his widow should be disposed of by the law of inheritance and thus fall to his legal heirs. The cases of *Pittman v. Pittman*, 81 Kan. 643, and *Lilly v. Menke*, 143 Mo. 137, relied upon by appellants, do not appear to be inconsistent with these views.

The judgment of the district court is

AFFIRMED.