## WILL OF McILHATTAN.

*October 12—November 8, 1927.*

*Wills: Administratrix may request construction and appeal from order of county court: Widow's election: Forfeits trusts in her favor: Termination of trust when purpose is accomplished.*

1. The administratrix with the will annexed of her deceased husband's estate being bound to faithfully carry out the will of the testator could apply to the county court for a construction of the will, and, having a reasonable doubt as to the validity of the order of the county court in construing the will, could appeal therefrom, though she had no personal grievance, since she may have been aggrieved in her representative capacity.  p. 116.

2. Under sec. 233.13, Stats., a widow's rights under a will bequeathing her an income sufficient to care for her during her lifetime were forfeited by her election not to take under the will but to take under the statute.  p. 117.

3. Where testator in his will appointed his wife and others trustees of his estate, and provided that the trustees should pay to the wife during her life the net income from a certain farm; that the income from notes, mortgages, and moneys should be paid to the wife and testator's brother, each receiving one half; and that at the death of the wife the remaining trustees should sell the personal property and distribute the same as provided under the will, it is *held* that, on the election of the widow not to take under the will and the death of testator's brother, the purposes of the trust had ceased, and the estate of the trustees likewise had ceased, under sec. 231.23, Stats., and the trust should be terminated and the property distributed.  p. 117.

4. The general rule is that the election of the widow not to take under the will has the same effect as her death, and accelerates remainders, so that the beneficiaries enter directly into the enjoyment thereof; but such rule does not apply if the terms of the trust expressly provide otherwise, since the intent of the testator must prevail.  p. 117.

APPEAL from an order of the county court of Richland county: P. L. LINCOLN, Judge.  *Affirmed.*

This is an appeal from an order construing the will of John McIlhattan, deceased.

John McIlhattan died testate on the 2d day of February, 1925, leaving a last will and testament disposing of his property, which contained the following provisions:

"I, John McIlhattan, of the town of Eagle, Richland county, Wisconsin, being of sound mind and memory, and mindful of the uncertainties of human life, do make, publish, and declare this to be my last will and testament, hereby revoking all former wills by me made.

"I hereby nominate and appoint as trustees of my said estate my beloved wife, *Emma McIlhattan,* Pearlie Dingman, and Charles Kolman of Richland county, Wisconsin, and assign and transfer to the said trustees all of my estate, real and personal, for the following purposes, to wit:

"My said trustees, after paying the funeral expenses and all my just debts, shall erect a family monument of a value of about seven hundred dollars ($700).

"The said trustees shall keep the buildings and premises of my said real estate in good condition and repair and shall rent the farm on shares, keeping all the personal property now on the farm so far as practical and maintaining the proper amount of live stock feed and equipment as may be necessary to properly farm the farm; and shall pay to my wife, during her natural life, on the first of each month, all of the net income from the operation of the said farm. The income from all notes and mortgages and monies shall be paid to my wife and my brother Fred, each receiving one half, and at the death of my said wife the said trustees remaining shall sell and convey into cash all of the personal property belonging to my said estate and distribute the same as follows:

"To my nephew, *Austin McIlhattan,* of Spencer, Wis., the sum of ten thousand dollars ($10,000).

"To my nephew, *Foster McIlhattan,* of Spencer, Wis., the sum of ten thousand dollars ($10,000).

"To my niece, Verna McIlhattan, of Muscoda, Wis., the sum of five hundred dollars ($500).

"To my cousin, Helen Smith, of Tyrone, Pa., the sum of five hundred dollars ($500).

"To my sister-in-law, Mrs. Olive Williamson, of Muscoda, Wis., the sum of five hundred dollars ($500).

"All the rest and remainder of my said personal property, after the payment of the foregoing bequests, I give and bequeath to my brother, Fred McIlhattan, of Spencer, Wis.

"At the death of my said wife, *Emma McIlhattan*, I give and devise my real estate as follows:

"To my niece, Mrs. Ivy Amy Kolman, of Richland county, Wis., the east half of the northeast quarter, less three acres, in section 33, township 9 north, range 1 west, and upon the vesting of the title to the said real estate in the said Ivy Amy Kolman, it is my will that she pay to my niece, Mrs. Florence Amy Ray, of Richmond county, Wis., the sum of three thousand dollars, and the payment of the said amount shall be a lien upon the said real estate until the same is paid as herein specified.

"To my niece, *Mrs. Teresa Amy Kolman*, of Richland Center, Wis., the west half of the northeast quarter, less three acres, and lots No. 2 and 3, all in section 33, township 9 north, range 1 west, and upon the vesting of the title to the said real estate in the said *Teresa Amy Kolman*, it is my will that she pay to my niece, Mrs. Florence Amy Ray, of Richland county, Wis., the sum of three thousand dollars, and the payment of the said amount shall be a lien upon the said real estate until the same is paid as herein specified."

The widow was appointed administratrix of the estate with the will annexed. The widow elected to take under the statute and not under the will. A brother, Fred McIlhattan, co-beneficiary with the widow under the trust, died previous to the order construing the will.

The order of the court was to the effect that the trust created by the will had been accelerated by the election of the widow and the death of Fred McIlhattan; that therefore the purposes of the trust had ceased, the trust should be terminated, and the property should be distributed. The widow, as administratrix of the estate, appeals from the order.

*W. H. Stephenson* of Richland Center, attorney, and *Levi H. Bancroft* of Milwaukee, of counsel, for the appellant.

For the respondents *Austin* and *Foster McIlhattan* there were briefs by *Pors & Pors* of Marshfield, and oral argument by *C. M. Pors.*

For the respondent *Teresa Amy Kolman* there was a brief by *Coppernoll & Coppernoll* of Richland Center, and oral argument by *Van R. Coppernoll.*

CROWNHART, J.    Two questions are raised by appellant: First, has the administratrix, under the circumstances, an appealable interest?    On the hearing the respondent moved the court to dismiss the appeal for the reason that the appellant did not have an appealable interest in the estate. Second, after the election of the widow and the consent of the heirs of Fred McIlhattan, should the trust be terminated and the distribution of the estate accelerated?

The motion to dismiss the appeal is denied.    It is the duty of an administratrix to faithfully carry out the will of the testator.    To that end she may apply to the county court for a construction of the will.    If she has reasonable doubt as to the validity of the county court's order in construing the will, she may properly appeal from the order for the purpose of giving full effect to testator's will, though she have no personal grievance.    She may be aggrieved in her representative capacity.    The questions presented to the county court were of such concern and doubt that the administratrix properly appealed to this court.

The authorities are uniform that in construing a will the intent of the testator must be the cardinal principle governing the construction.    Examining the will with this purpose in view, it seems plain that the testator had in mind, and it was his intent, to provide for his wife an income sufficient to care for her during her lifetime, and that the income from the estate, beyond the reasonable necessities of his widow, should go to his brother, Fred, during the widow's lifetime.    At the death of his widow the estate, both real and personal, should be distributed according to the provi-

sions of the will. The widow elected not to take under the will but to take under the statute. This election completely changed the nature of the trust and disrupted the purposes thereof. The widow's rights under the will were forfeited by such election. Sec. 233.13, Stats.

"When the purposes for which an express trust shall have been created shall have ceased the estate of the trustee shall also cease." Sec. 231.23, Stats.

Upon the election of the widow and the death of Fred McIlhattan the purposes of the trust ceased, and the estate of the trustees also ceased under the statute quoted. It is a general rule of law that the election of the widow has the same effect as her death, and accelerates the remainders so that the beneficiaries enter directly into enjoyment thereof. 28 Ruling Case Law, 333; 2 Page, Wills (2d ed.) p. 2028; *Sherman v. Flack,* 283 Ill. 457, 459, 119 N. E. 293; *Rench v. Rench,* 184 Iowa, 1372, 169 N. W. 667; *Ammon's Estate,* 269 Pa. St. 159, 112 Atl. 69; *McCollum v. McCollum,* 108 Neb. 82, 187 N. W. 783; *Hasseltine v. Partridge,* 236 Mass. 77, 127 N. E. 429; *In re Schulz's Estate,* 113 Mich. 592, 71 N. W. 1079. This general rule of law does not apply if the terms of the trust expressly otherwise provide; that is, the intent of the testator must prevail if that intent is manifest from the will itself.

Here the purposes of the trust, after the election of the widow and the death of Fred McIlhattan, could not be carried out according to the will, and there is no object whatever in continuing the trust until the death of the widow.

"The trial court, in determining the precise meaning intended by a testator in using a particular expression, deals with matter of fact to be solved from evidentiary inferences, and, in case of a result being reached consistent with correct principles of law, the rule applies on appeal that such result will not be disturbed unless clearly wrong." *Will of Mitchell,* 157 Wis. 327, 330, 147 N. W. 332.

The appellant contends that the construction of the will given by the county court fails to carry out the intent of the testator, and cites *Will of Hamburger,* 185 Wis. 270, 278, 201 N. W. 267; *Will of Rice,* 150 Wis. 401, 136 N. W. 956, 137 N. W. 778; *Will of Dardis,* 135 Wis. 457, 115 N. W. 332; *Will of Reynolds,* 151 Wis. 375, 138 N. W. 1019.

In the *Hamburger Case* the trust provided that the income go to the widow "for her own sole use and benefit so long as she may live, and subject only to this bequest in trust for and during the life of my said wife, the principal of this bequest is given, devised, and bequeathed to my wife to become her sole and separate estate, to be disposed of by her, by will or otherwise." The widow assigned part of the trust estate to her son and action was brought to enforce the trustee to assign that part to the son, but this court held that the trust should not be terminated "since the plan and the purpose contemplated by it have not been fulfilled or completed; and that, construing the will as a whole, it contains an implied prohibition against the termination of the trust until such objects are accomplished."

In the *Rice Case* the property was not to be distributed until the youngest grandson became thirty years of age or until the son Frank died, whichever occurred last. The estate was then to be distributed among four grandsons. All of the beneficiaries, through attorneys and guardians *ad litem,* entered into a stipulation providing for immediate distribution and rearranging the entire method of distribution and the amounts each was to receive. This court held that the beneficiaries, by private arrangement, could not thwart the intent of the testator.

In the *Dardis Case* the will was contested on the ground of incompetency of the testator. The heirs and beneficiaries stipulated that the will should be withdrawn and the estate administered as an intestate estate. This court held that the stipulation was of no effect, and ordered the estate

distributed and administered according to the terms of the will.

In the *Reynolds Case* the estate was left in trust for a definite period of ten years. At the end of ten years the estate was to be distributed,—thirty per cent. to the widow, etc. The widow elected to take under the statute. The question there raised was whether the thirty per cent. became intestate property or part of the residue and thus trust property. This court held that it was part of the residue and became trust property, and that it was testator's intent to postpone distribution of the residue for ten years.

It will be seen that none of the cases cited is in point. We think the general rule should be applied, and the decision of the county court upheld.

*By the Court.*—The order of the county court is affirmed, costs of appeal to be paid out of the estate.