SARAH I. O'CONNOR *vs.* CHARLES R. O'CONNOR, executor.

Plymouth. February 8, 1933. — March 31, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Widow,* Waiver of provisions of will of husband. *Executor and Administrator,* Accounting. *Probate Court,* Decree, Accounts.

Where, after a waiver by a widow of the provisions of her husband's will, there were entered in the Probate Court a decree adjudging that she was entitled to $10,000 as widow, there being kindred of the testator but no issue, and ordering payment of a portion of the $10,000 to her, and subsequently a decree allowing an account of the executor showing a sum in his hands for distribution which was greater than the unpaid balance of the $10,000, from which decrees no appeals were taken, it was proper thereafter, several years having elapsed since the probate of the will and the assets of the estate being more than sufficient to pay the debts thereof, to enter a decree, upon a petition by the widow to enforce distribution, ordering the executor to pay to her such balance.

PETITION, filed in the Probate Court for the county of Plymouth on March 26, 1930, by the widow of Joseph E.

O'Connor, late of Brockton, against the executor of his will, to enforce distribution.

The petition was heard by *L. E. Chamberlain*, J. Material facts are stated in the opinion. A decree was entered ordering the respondent to pay to the petitioner the sum of $3,955.50. The respondent and one of the devisees under the will appealed.

*E. A. MacMaster*, (*H. D. Hunt & J. E. Handrahan* with him,) for the respondent and another.

*H. C. Thorndike*, (*E. W. Nutter* with him,) for the petitioner.

CROSBY, J. These are appeals from a decree of the Probate Court for the county of Plymouth wherein the respondent, as executor of the will of Joseph E. O'Connor, was ordered to pay to the petitioner, the widow of the testator, the sum of $3,955.50 with interest. It appears from the record that on a former petition for partial distribution, filed by the petitioner on February 16, 1925, a decree was entered ordering a distribution to her of the sum of $6,044.50 on account of the sum of $10,000, to which it was decreed she became entitled as the widow of the testator, as she had previously waived the provisions of her husband's will in her favor and claimed her statutory interests in his estate as authorized by G. L. c. 191, § 15. No appeal was taken from this decree.

On November 9, 1925, after hearings, the first, second, "third and final" accounts of the executor were allowed and a substantial balance was found in the hands of the executor. These accounts were contested by the widow, but no appeal was taken. Thereafter it appeared that a party in interest was not represented. As he neither appeared nor consented to the fourth account, the judge vacated the several decrees allowing the accounts and a mistrial was declared on the fourth account, upon which no decree had been entered. The executor was ordered to file a new account. This was filed November 27, 1929. On January 2, 1930, the judge ordered certain changes in the schedules and the account was allowed. As the result of these changes he found that the balance in the hands of the executor was $3,996.05.

On March 26, 1930, the petitioner filed a second petition in the Probate Court alleging that the final accounts of the executor have been allowed with certain modifications ordered by the court; that the executor holds in his hands a large sum for distribution; and asking that he be ordered to distribute the money in his hands in accordance with the account and the law. On January 25, 1932, the court entered a decree which recited that all persons interested in the estate having had notice of the petition, objections thereto being made, and after hearing it appearing that according to the account allowed January 20, 1930, there is in the hands of the executor a balance of $3,996.05 for distribution, said widow is entitled to receive from said estate the sum of $10,000; that she has already received the sum of $6,044.50, and is now entitled to receive the sum of $3,955.50 with interest forthwith. The respondent and a devisee under the will on February 6 and February 4, 1932, respectively, appealed from this decree.

On May 28, 1932, the judge of probate reported the material facts found by him in accordance with the provisions of G. L. (Ter. Ed.) c. 215, § 11, as follows: The will of the testator was duly allowed. Within the time permitted by G. L. c. 191, § 15, the widow waived the provisions of the will and claimed her statutory rights in her husband's estate. The petition is brought by her for the distribution of the estate due her, it being the difference between the amount already received by her and the sum of $10,000 to which she is entitled under the waiver. On January 20, 1930, the consolidated first, second, third and fourth "substitute account" presenting a single account covering a period beginning January 7, 1924, and ending April 30, 1927, was allowed. At the hearing on this account the items were admitted or not seriously contested, and all parties were before the court. There was no appeal from the decree allowing this account, and the balance of $3,996.05 there found is the basis of the present petition. In the consolidated account the executor charged himself with $52,867.79 and was allowed payments and charges of $48,871.74, showing a balance for distribution of $3,996.05.

It appears in this account "that the widow by decree of court, or voluntary payment, has already received on account of her $10,000, the sum of $6,044.50. She is therefore entitled to the further sum of ($10,000 less $6,044.50) $3,955.50 with interest. This sum the executor is ordered to pay petitioner forthwith. What interest, if any, petitioner has in the estate in excess of her $10,000 is not a matter to be dealt with under this petition." While the accountant was in charge of the estate the petitioner collected rents from tenants in the sum of $851.09 and paid for repairs $112.28, leaving an indebtedness to the estate of $738.81. These figures were considered in the former accounts and the above findings made, from which there was no appeal. As no objection was made this was adjusted on the basis of a payment on account by the accountant to the petitioner, and, to the several amounts paid the petitioner, the sum of $738.81 should be added. The time had expired for the executor to account, and the petitioner asked for "distribution to her at the present time the sum of $10,000 as provided by" G. L. c. 191, § 15, "or such other partial distribution as the court in its discretion may order." The judge found a total of $7,089 was subject to partial distribution, and also that there was due the petitioner $6,044.50 based on a finding that she was entitled to $5,000, and one half of $2,089 (the balance of $7,089 after deducting $5,000) or $1,044.50. Against this $6,044.50 he found certain credits were to be offset, being in part sums for which the executor was chargeable and in part for collections made by the petitioner, and the executor was ordered to pay the petitioner at that time $3,255.69. This sum was paid as shown in the account as follows: $1,500 on December 21, 1925, and $1,755.69 on February 6, 1925, making the entire amount paid her $5,305.69. The difference between $6,044.50 and $10,000 to which she is entitled is $3,955.50 which the executor was ordered to pay the petitioner and upon which the appeal is based. The inventory shows personal estate of the testator appraised at $5,434.24 and real estate appraised at $28,850, the value of the latter being largely in excess of the appraisal.

The judge further found that on September 23, 1925, the executor filed a petition for partition. The parties in interest and their respective shares were as follows: Charles R. O'Connor and George P. O'Connor were each given by the will one third of the real estate, and the widow by waiving the provisions of the will became entitled to an interest in the real and personal estate exceeding $10,000 in value as provided by G. L. c. 191, § 15. The commissioner made an appraisal of the real estate at $98,722. The gross amount of mortgages was $42,200, the equity being $56,522. The commissioner's report shows the method of division. The judge, after hearing, determined that the land could not be advantageously divided and should be sold; he, accordingly, set aside the report and ordered a new warrant to issue. The commissioner was to sell for cash free and clear of the mortgages amounting to $42,200 and interest thereon. The commissioner's report shows that the property was sold for $48,000. The judge states that the contention of the appellants is that the widow is not entitled to $10,000 until the facts definitely show "that there is property in the estate of such amount that her one-half interest in the remainder above the first $5,000 will exceed $10,000 in all." He ruled, in substance, that under G. L. c. 191, § 15, "the widow having waived the will . . . was entitled, there being no children but kindred, to $5,000 outright and one half of the remaining real and personal property but, if her share in the estate amounted to more than $10,000, she is to have that sum absolutely out of the estate and in addition to that amount only the income during her life of the excess of her share above that amount." He found that, the petitioner having waived the provisions of the will in her favor, the share to which she was entitled exceeded $10,000 and that she became entitled only to the income in excess of that amount.

The petitioner having waived the provisions of the will in her favor is a statutory heir of her husband. It is the contention of the appellants that until the sale of the real estate the heirs at law or devisees are entitled to the rents and profits therefrom or that they are entitled at least to

receive one half thereof. That contention cannot be sustained. The judge found that it was not manifest that allocation of the rents was necessary, or as matter of law required, and that it was not pressed at the hearing. Moreover, there was no appeal from the decree allowing the consolidated account and the balance of $3,996.05 there shown is the basis of the present petition for distribution.

It plainly appears that the estate is much more than sufficient to pay the debts due from the estate. In these circumstances the judge could order the payment to the widow of her portion of the estate without waiting until a final distribution is made. Much more than one year has elapsed since the probate of the will, and it does not appear that there were any liabilities which could reduce the surplus so that the widow would not be entitled to her full share of $10,000. *Atherton* v. *Corliss*, 101 Mass. 40, 47, 48. As the widow waived the provisions of the will, it is to be interpreted as if it contained no provision for her. *Hesseltine* v. *Partridge*, 236 Mass. 77, 79. The previous decrees entered, including the decree allowing the accounts of the executor, are binding upon the parties, and are the basis for the second decree for distribution to the widow; accordingly, the only question before this court is whether there was any error in the entry of the decree appealed from. Upon the facts found by the Probate Court the decree was warranted. Those facts must stand unless manifestly wrong, which does not appear. "Decrees of probate courts in matters of probate, within the authority conferred upon them by law, are conclusive upon the courts of common law . . . ." *Farquhar* v. *New England Trust Co.* 261 Mass. 209, and cases cited at page 213. As the petitioner was entitled to be paid the sum of $3,955.50, being the balance of $10,000 due her, the entry must be

*Decree affirmed.*