WILL OF BORCHERT: BORCHERT, Appellant, vs. MUELLER and another, Respondents.*

*May 10—June 15, 1951.*

* Motion for rehearing denied, with $25 costs, on September 11, 1951.

*Edward G. Minor* of Sturgeon Bay, attorney, and *John E. Dempsey* of Oshkosh of counsel, for the appellant.

For the respondents there was a brief by *Zimmers, Randall & Zimmers* of Milwaukee, and oral argument by *Wilke M. Zimmers.*

BROADFOOT, J.   Upon the hearing on the petition, and upon this appeal, the appellant relied upon the case of *Will of McIlhattan,* 194 Wis. 113, 117, 216 N. W. 130, wherein this court said:

" 'When the purposes for which an express trust shall have been created shall have ceased the estate of the trustee shall also cease.' Sec. 231.23, Stats.

"Upon the election of the widow and the death of Fred McIlhattan the purposes of the trust ceased, and the estate of the trustees also ceased under the statute quoted. It is a general rule of law that the election of the widow has the same effect as her death, and accelerates the remainders so that the beneficiaries enter directly into enjoyment thereof. 28 Ruling Case Law, 333; 2 Page, Wills (2d ed.), p. 2028; *Sherman v. Flack,* 283 Ill. 457, 459, 119 N. E. 293; *Rench v. Rench,* 184 Iowa, 1372, 169 N. W. 667; *Ammon's Estate,* 269 Pa. St. 159, 112 Atl. 69; *McCollum v. McCollum,* 108 Neb. 82, 187 N. W. 783; *Hasseltine v. Partridge,* 236 Mass. 77, 127 N. E. 429; *In re Schulz's Estate,* 113 Mich. 592, 71 N. W. 1079. This general rule of law does not apply if the terms of the trust expressly otherwise provide; that is, the intent of the testator must prevail if that intent is manifest from the will itself."

The trial court did not disagree with the rule but felt that the provision for the brothers and sisters of the deceased was a reason why the trust could not be terminated. The provision for the brothers and sisters is contained in paragraph "Fourth" of the will. It will be noted that said provision was made contingent upon the death of the testator without issue surviving him or thereafter born. The testator did leave a son, the appellant herein, surviving him and that defeated any contingent claim of the brothers and sisters. The interest of Minna Borchert, the mother of the decedent, terminated upon her death. Under the rule stated in *Will of McIlhattan, supra,* the election of the widow and the death of Minna Borchert, accelerated the remainder so that the sole remaining beneficiary, the appellant herein, should now enter directly into the enjoyment thereof. It was the evident intention of the testator to set up the trust for the protection of his widow and his mother. The purposes of the trust, after the election by the widow and the death of Minna Borchert, could not be carried out according to the will, and there is no object in continuing the trust until the death of the widow. There is no language in the will that would justify an inference that the trust should be continued until the death of Madonna Borchert for the protection of his son, Roderick Borchert, who is now of full age and competent. The general rule stated in *Will of McIlhattan, supra,* should be applied, and this requires a reversal of the order of the county court.

*By the Court.*—Order reversed and cause remanded with directions to enter an order granting the petition for termination of said trust.