WILL OF SOLBRIG: ROGERS, Attorney General of the United States, Appellant, v. RAIMEY, Trustee, and others, Respondents.*

*March 4—April 7, 1959.*

* Motion for rehearing denied, with $25 costs, on June 2, 1959.

For the appellant there were briefs by *Dallas S. Townsend,* assistant United States attorney general, *Edward G. Minor,* United States attorney for the Eastern district of Wisconsin, and *Howard W. Hilgendorf,* assistant United States at-

torney; *George B. Searls, Irwin A. Seibel,* and *Marbeth A. Miller,* all of Washington, D. C., attorneys for the Department of Justice; and oral argument by *Miss Miller* and by *Mr. John C. Fritschler, Jr.,* assistant United States attorney for the Western district of Wisconsin.

For the respondents there was a brief by *Wengert & Spenner* of Milwaukee, and oral argument by *Herbert A. Spenner* and *Eugene Wengert.*

DIETERICH, J. The original will of the testatrix devises the residue of her estate in trust to Peter J. Hayes, her long-time friend and attorney. The trust provisions are as follows:

"II. All the rest, residue, and remainder of my estate, real, personal or mixed, wheresoever situate, of which I may die seized or possessed or to which I may be entitled at the time of my decease, I give, devise, and bequeath to my trustee hereinafter named, in trust, upon the trust herein proscribed and defined:

"A. To take, receive, hold, administer, collect, invest, and reinvest said trust estate, and collect and apply the assets, rents, issues, incomes, and profits thereof, as herein prescribed.

"B. Any and all income over and above the necessary expenses for the proper administration of said trust, shall be distributed at convenient intervals, as such trustee may designate, limited however in this respect:—That if the income permits, payments must be made every three (3) months to —(Mrs.) Martha Bauer, residing at 53 Olga street, Bad Cannstadt, Germany, as long as she shall live.

"C. At the death of said Martha Bauer, the trust hereby created, shall be terminated and the trust property, together with accrued income, if any, shall be divided between the following persons, share and share alike, to wit: To—Oskar Bauer, residing at 53 Olga street, Bad Cannstadt, Germany; and to—Werner Bauer, residing at 53 Olga street, Bad Cannstadt, Germany.

"D. In the event that either the said Oskar Bauer or the said Werner Bauer, shall predecease me, I then give and bequeath such share of the trust property as he would have

received, had he lived, to his lawful heir or heirs, share and share alike, provided, however, that if there be no such lawful heir or heirs of such person, then, in that event, such share shall revert to the surviving brother or his lawful heir or heirs.

"E. Should the said Martha Bauer predecease me, or should the trust herein created in paragraph II, section B of this my last will and testament, lapse or fail for any reason, I direct that all the rest, residue and remainder of my estate be disposed of according to the provisions of paragraph II, section C, of this my last will and testament."

The established rule in this state is that the property of a decedent passes, upon his death, to his legatees and devisees and the interest they may acquire, whether by inheritance or by will, they acquire at the time of death. *Will of Marshall* (1940), 236 Wis. 132, 294 N. W. 527; *Qualley v. Zimmerman* (1939), 231 Wis. 341, 285 N. W. 735; *Will of Borchardt* (1924), 184 Wis. 561, 200 N. W. 461.

The entire beneficial interest became vested upon the death of the testatrix, Marcelle Solbrig, in Martha Bauer, the life tenant, and the remaindermen, Oskar and Werner Bauer; Martha Bauer with a present interest in the income for life, and Oskar and Werner Bauer with a vested future interest in the remainder.

The Attorney General of the United States seized all the interest of Martha Bauer, Oskar Bauer, and Werner Bauer in the trust pursuant to the vesting order No. 15323. The issuance of this order under the Trading with the Enemy Act, sec. 5 (1) (b) (B), provides the vesting of "any property or interest" and sec. 7 (c) permits the seizure of ". . . any money or other property including (but not thereby limiting the generality of the above), . . . choses in action, and rights and claims of every character and description. . . ."

The issuance of the vesting order under date of October 23, 1950, under the Federal Trading with the Enemy Act and

the executive orders made pursuant to the authority con-, ferred by congress, ch. 106, 40 U. S. Stats. at L., p. 411, as amended, 50 U. S. Code App., sec. 1 *et seq.*, had the same effect as assignments by operation of law. The act, sec. 5, provides as follows:

"(b) (1) During the time of war or during any other period of national emergency declared by the President, the President may, through any agency that he may designate, or otherwise, and under such rules and regulations as he may prescribe, by means of instructions, licenses, or otherwise . . .

"(B) . . . and any property or interest of any foreign country or national thereof shall vest, when, as, and upon the terms, directed by the President, in such agency or person as may be designated from time to time by the President, and upon such terms and conditions as the President may prescribe such interest or property shall be held, used, administered, liquidated, sold, or otherwise dealt with in the interest of and for the benefit of the United States, and such designated agency or person may perform any and all acts incident to the accomplishment or furtherance of these purposes; . . ."

Therefore, the entire property or beneficial interest of Martha, Oskar, and Werner Bauer vested in the Attorney General of the United States as successor to the Alien Property Custodian in accordance with the terms of the vesting order. *Estate of Rade* (1951), 259 Wis. 169, 47 N. W. (2d) 891.

Sec. 231.23, Wis. Stats. 1935, provides:

"When the purposes for which an express trust shall have been created shall have ceased the estate of the trustee shall also cease."

The purposes of the trust, after the issuance of the vesting order which constituted an assignment and transfer of the beneficial interest to the Attorney General, could not be carried out according to the will and, therefore, there would

be no object in continuing the trust. *Will of Borchert* (1951), 259 Wis. 361, 48 N. W. (2d) 496.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order granting the petition for termination of said trust.