WILL OF REYNOLDS: FLEMING, Guardian *ad litem,* Appellant, v. BANK OF MADISON, Executor, and others, Respondents.

*No. 319. Argued April 11, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 328.)

For the appellants there was a brief and oral argument by *Gene J. Fleming* of Madison, guardian *ad litem*.

For the respondent Bank of Madison there was a brief by *Lawrence E. Hart* of Madison, and for the respondents Harold Lampert, Sr., Harold Lampert, Jr., and Barbara Lampert Fenster by *Beatrice Lampert* of Madison, and oral argument by *Mr. Hart* and *Mrs. Lampert*.

HEFFERNAN, J. The general rule is set forth in Restatement, 2 *Property,* p. 961, sec. 231, wherein it is stated:

"When an attempted prior interest fails because the person to whom it is limited renounces it, succeeding interests are accelerated except when (a) the terms and circumstances of the limitation manifest a contrary intent . . . ."

In *Will of Uihlein* (1953), 264 Wis. 362, 378, 59 N. W. 2d 641, we quoted with approval from 4 Page, *Wills* (lifetime ed.), p. 89, sec. 1390:

" 'Where the enjoyment of possession by the remainderman is postponed until after the determination of the particular estate and for no other purpose, and such tenant elects to take against the will, the remainderman enters into enjoyment at once. This principle is called

acceleration of the remainders. Renunciation by the particular tenant is said to be equivalent to his death with reference to the remainder's taking effect in possession.' " [1]

Other Wisconsin cases are fully in accord with the citation from Page. *See Will of McIlhattan* (1927), 194 Wis. 113, 216 N. W. 130; *Will of Borchert* (1951), 259 Wis. 361, 48 N. W. 2d 496.

The appellant herein stresses that the right to have the terms of a will carried out is a sacred obligation of the court and that to permit the acceleration of the remainders would defy the testator's intent. Wisconsin cases, and the texts generally, give preeminence to the intent of the testator, and it is universally held, even in those jurisdictions permitting the acceleration of the remainder distribution, that such can be permitted only when it is consonant with the testator's intent.

In *Will of McIlhattan, supra,* page 117, we said:

"It is a general rule of law that the election of the widow has the same effect as her death, and accelerates the remainders so that the beneficiaries enter directly into enjoyment thereof. [Citing cases] This general rule of law does not apply if the terms of the trust expressly otherwise provide; that is, the intent of the testator must prevail if that intent is manifest from the will itself."

While there is substantial authority to the contrary in other jurisdictions,[2] we are satisfied that the Wisconsin law permits the acceleration of the remainder under the circumstances of the instant case.

---

[1] This quotation from Page presently appears in 5 Page, *Wills* (Bowie-Parker Rev. 1962), pp. 684, 686, sec. 47.45.

[2] *Matter of Graham* (1932), 145 Misc. 628, 260 N. Y. Supp. 585; *Walsh v. Hulse* (1952), 23 N. J. Super. 573, 93 Atl. 2d 230; *Matter of Bauer* (1959), 19 Misc. 2d 707, 192 N. Y. Supp. 2d 252; *Sueske v. Schofield* (1941), 376 Ill. 431, 34 N. E. 2d 399; *Ajax Electrothermic Corp. v. First Nat. Bank of Princeton* (1951), 7 N. J. 82, 80 Atl. 2d 559.

Our statute (sec. 231.23) provides that, "When the purposes for which an express trust shall have been created shall have ceased the estate of the trustee shall also cease."

It would appear that, since the purpose of the trust—to assist in the support of Harold Lampert, Sr.,—ceased to exist upon his renunciation, the only purpose for which the trust was created has ceased to exist, and, under the statutes, the trust should be terminated unless it is determined that such termination is contrary to the testatrix's intent.

The Restatement, 2 *Property*, p. 554, sec. 157, comment *p*, would also permit the acceleration of the remainder where the remaindermen are ascertainable at the time the prior interest is renounced. Hence, since both Harold, Jr., and Barbara are living and constitute the entire class of remaindermen designated in the will, under the Restatement rule the trust should be terminated and the remainders accelerated.

Perhaps the most satisfactory rationalization of the acceleration of remainders appears in Simes and Smith, *The Law of Future Interests* (2d ed.), pp. 273–275, sec. 796.

"When the prior interest is renounced, this unanticipated event frustrates the dispositive scheme of the testator. It would seem that if he has clearly indicated a condition precedent which must occur before the next interest takes effect in enjoyment, the court would merely be adding to the disruption of the dispositive scheme by ignoring the express condition precedent. Hence, it would seem that as a starting point in the analysis, one should assume that a contingent remainder will never be accelerated. Yet, where the renunciation is unanticipated, this rule may work out unjustly if we were to apply the ordinary rules of construction in deciding whether the remainder is contingent. Nearly all of the cases in which remainders which appear to be contingent have been accelerated fall into the same class. They are remainders in which the apparent condition precedent is survivorship of the life tenant. Thus, suppose property

is devised to the widow for life, and on her death to the children of the testator then surviving. Even though we concede that the gift to the children can be regarded as an executory interest, the accepted doctrine of property law would lead us to say that the children cannot take until the widow actually dies and they are left surviving. Yet the context of the will may indicate that the testator postponed the gift to the children solely to make adequate provision for his widow, and that, the moment she is otherwise provided for, it would be reasonable to assume that the testator wished his children to take. It is true he used the word 'surviving,' but that may be because he did not wish heirs or issue to take, although he had no intention of requiring his children actually to survive his wife if they could take before that time without injury to her. Hence in this situation many courts have said, and some have held, that the children who survive the widow's renunciation take a present interest on that event. What they really are doing is construing the will in the light of the widow's renunciation so that the limitation in remainder reads: To my children living at the termination of the life estate.

"It is believed, therefore, that although the courts may state that contingent remainders are accelerated they are likely to do so only in circumstances when it is reasonable to conclude that the particular condition precedent was not important to the testator in the light of the unanticipated renunciation. Such a conclusion is most likely to be reasonable when the expressed condition precedent is survival of the life tenant."

Applying this test, we conclude that the distribution of the remainder by the use of a trust was postponed solely to take care of Harold Lampert, Sr., during his lifetime, if he so desired.

This conclusion is borne out by the fact that the will provided for outright distribution of all of the residue of the estate to Harold, Jr., and Barbara in the event Harold, Sr., predeceased the testatrix.

It is thus apparent that the testatrix postponed the gift to Harold, Jr., and Barbara, her niece, only to assure that provision was made for her brother, Harold, Sr. Under the circumstances, it is reasonable to assume that

the testatrix wished the remaindermen to take once the object of the trust had been fully accomplished. Since the trust is now without purpose, it is reasonable, to paraphrase the words of Simes, to construe the will to read: "To Harold Lampert, Jr., and Barbara Lampert Fenster at the termination of the life estate."

We conclude that under the circumstances the mere holding of the residue in trust until Harold, Sr., should at last die was unimportant to the testatrix, and her testamentary intent is better carried out by affirming the trial judge's order accelerating the remainder.

*By the Court.*—Judgment affirmed.